[Crim. No. 2276. First Dist., Div. One. Mar. 22, 1944.]

THE PEOPLE, Respondent, v. JAMES CRENSHAW, Appellant.

James Crenshaw, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

WARD, J.—Defendant appeals from a judgment entered upon a verdict of guilty of grand theft, and from an order denying a motion for a new trial. The information charged the theft of $80, more or less, a wrist watch, a hat and an overcoat from the person of John Dee Doster. It also charged two prior convictions of larceny in other states.

From the evidence it appears that Doster, a shipyard worker, and the defendant, who was employed by a contractor, met at a café where they both worked on off hours. On the date of the offense Doster, who had worked on the

"graveyard shift," proceeded to the dormitory where he and defendant both lived, and he was there joined by the latter, who proposed that they visit a nearby city. Doster did not attempt to obtain any sleep after coming off shift, and both men had several drinks of beer and whisky as they went from place to place during the morning and afternoon, Doster paying for the refreshment in the presence of defendant with money from his wallet, which at the time contained about $84. Toward evening Doster accompanied the defendant to the home of a friend of the latter. Doster testified that he observed the time of their visit by his wrist watch, which he was wearing. Other witnesses also testified that they saw the watch on Doster's wrist. Doster's hat and overcoat were removed with the assistance of defendant, and he fell asleep shortly thereafter on a couch in the living room. He was awakened by defendant's hand in his pocket and testified that "he [the defendant] had taken the pocketbook away from me." A scuffle ensued, which was joined in by a third man who had accompanied Doster and defendant to the friend's home, and the wallet was eventually found on the floor or on the couch, "but there wasn't anything in it." During the melee Doster obtained the pocketbook of the third man, which contained some money, and, with the assistance of still another man, he left the premises and proceeded to a drug store, from which he called the police and delivered the wallet to them. He tried to direct the officers to the house where the events narrated occurred but was unable to locate it. In the meantime defendant left the friend's home, taking with him the complainant's hat and overcoat. When arrested the next evening he was wearing Doster's wrist watch.

It is the contention of appellant, appearing in propria persona, that the evidence of the prosecuting witness is so contradictory as to amount to practically no evidence at all, and that the verdict is contrary to law for the reason that in a conviction of grand theft the evidence must show that the property was attached to the person or was in his physical possession unless its value was in excess of $200.

■ If any of the enumerated stolen articles were taken from the person, the offense alleged in the information is complete. It is immaterial whether the property was carried away or its value exceeded $200. (15 Cal.Jur. 889.) "It is

the felonious taking of property 'from the person of another' that constitutes grand theft, and not the taking of any specified amount from the person nor taking the property from any specified place on the person. (Sec. 487, Pen. Code.)'' (*People* v. *Fiegelman,* 33 Cal.App.2d 100, 104 [91 P.2d 156]; *People* v. *Sing,* 42 Cal.App. 385 [183 P. 865]; *People* v. *Fleming,* 220 Cal. 601 [32 P.2d 593].)

 The evidence is conflicting in some instances, and certain apparent contradictions appear in the testimony of the victim Doster, but as a matter of law the evidence is sufficient, and hence this court may not disturb the verdict.

As a witness in his own behalf defendant testified that he and Doster left Richmond early on Sunday afternoon, proceeded to Oakland, visited a shoe shining parlor, bought whisky and that he loaned Doster $5. He explained his possession of the watch by the statement that Doster had given it to him to be repaired; he denied making a loan thereon. Inspector Trowbridge testified that when defendant was arrested he told the following story: That he and Doster had left Richmond at 11:00 A.M.; that they had gone to the shoe shining parlor where he loaned Doster $5, taking the watch as security; that he separated from Doster at the shoe shining parlor and didn't see him again until arrested at Richmond. He positively denied being at the friend's house. On the trial he admitted being there after Doster and two women had testified as to his presence.

In *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778], the court said: ''The rule applicable where there is evidence, circumstantial or otherwise, that a crime has been committed and that the defendant was the perpetrator thereof, has been many times reiterated by the reviewing courts of this state as follows: The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there

sufficient substantial evidence to support the conclusion reached in the court below. The determination of a charge in a criminal case involves proof of two distinct propositions: First, that the offense charged was committed, and second, that it was perpetrated by the person or persons accused thereof. . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury.'' (See, also, *People* v. *Gin Shue*, 58 Cal.App.2d 625 [137 P.2d 742]; *People* v. *Caldwell*, 55 Cal.App.2d 238 [130 P.2d 495]; *People* v. *Stangler*, 18 Cal.2d 688 [117 P.2d 321]; *People* v. *Fleming*, 58 Cal.App.2d 37 [136 P.2d 88]; *People* v. *Seymour*, 54 Cal.App.2d 266 [128 P.2d 726].)

The judgment and the order denying a new trial are affirmed.

Peters, P. J., and Knight, J., concurred.