[Crim. No. 4161.   Second Dist., Div. Two.   Dec. 11, 1947.]

THE PEOPLE, Respondent, v. BERLEE HERRIN, Appellant.

Gordon, Ragland & Porter for Appellant.

Fred N. Howser, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged with the crime of grand theft from the person and with having been previously convicted of a felony.   He was found guilty as charged in the information.   He has appealed from the judgment, contending that the evidence is insufficient to sustain the conviction.

The undisputed evidence shows that on the evening of the crime the complaining witness had $60 in his front trousers pockets and a wallet worth 59 cents in his back pocket.   As he was walking along the street he was approached by two men and was struck so hard as to lose consciousness.   The next thing he remembered was that he was lying in a parking lot.   He was struck again and remembered nothing thereafter until he heard his name called and saw a police officer holding his wallet.

The arresting officer testified that he noticed the victim lying on the ground and that two or three men were bending over him and "going through" his pockets. He observed appellant take the wallet out of the victim's left rear pocket and put it into his own coat pocket. Appellant ran away but the officer caught him and took him back to the scene of the crime, removed the wallet from appellant's coat pocket and observed that the identification cards therein bore the name of the victim. The victim at that time was drunk and was sitting on the ground leaning against the building. There was no money in the victim's pockets.

■ While the money was not found in appellant's possession the undisputed evidence shows that it was removed from the victim's pockets. Since two other men were engaged with appellant in the commission of the crime it may be presumed that one or both of them took the money. The evidence of the police officer that he saw appellant take the wallet from the pocket of the victim and put it into his own pocket, and the evidence that the money was in the victim's pockets before the commission of the crime and was not in his possession afterwards, are sufficient to sustain the conviction. Appellant did not testify.

■ The removal of the wallet from the person of the victim constitutes the offense charged in the information and the value of the property is immaterial. (*People* v. *Crenshaw*, 63 Cal.App.2d 395, 397 [146 P.2d 690].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.