[Crim. No. 14987. Second Dist., Div. One. Dec. 12, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK SMITH, JR., Defendant and Appellant.

Arthur J. Rubinsteen, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant and one Glasco were convicted by a jury of grand theft from the person (§ 487, subd. 2, Pen. Code). Both filed notice of appeal from the judgment; the appeal of Glasco was dismissed pursuant to rule 17a, California Rules of Court.

The victim, Thomas Gallagos, Gary Williams (an eyewitness) and Officer Rasick testified for the People. Gallagos was unable to adequately express himself, thus the People's case rests almost entirely on the testimony of Williams and the police officer. It discloses that on October 10, 1967, Glasco, defendant and Gallagos became involved in an argument; Gallagos ran away down the middle of the street with defendant and Glasco in pursuit; finally Glasco grabbed Gallagos by the pants and a struggle involving all three persons ensued; while Glasco and defendant were "scuffling" with Gallagos both of them were trying to get their hands into Gallagos' pocket; in the struggle Gallagos' wallet fell to the street and his pants were torn off of him; Glasco picked up the wallet and pants and, accompanied by defendant, carried them to the rear of a nearby hotel. Shortly thereafter the police arrived and Officer Rasick talked to Gallagos, then to Williams, the eyewitness. He went to the rear of the hotel and

recovered Gallagos' torn pants and wallet. The back pockets of the pants had been torn down and the wallet was empty. Gallagos was not sure how much money he had in the wallet prior to the incident since he had not counted it. Within a few hours Glasco and defendant were arrested and advised of their constitutional rights. Glasco said he had been in a fight and had taken money from the other party.

Glasco testified he and defendant were drinking wine when Gallagos slapped the bottle out of his mouth causing it to break. A fight followed and Gallagos' pants fell down; he took the pants because his shirt had been torn in the fight; he did not see a wallet and did not take one; he put the pants in the trash area of a hotel. Defendant testified he and Glasco had been drinking but that it was he (defendant) who slapped the bottle away, and Glasco and Gallagos turned on him but he pushed them away and did not participate in any scuffle; he saw Gallagos' pants fall but did not see a wallet; Glasco took the pants and threw them in the trash barrel; he did not take Gallagos' pants, wallet or money and when arrested had 6¢ in his pocket; Williams (the eyewitness who testified for the People) was biased because he had done some damage to Williams' deep freeze for which he paid Williams $15 but he felt there was still some "hard feeling" between them, also Williams had "a kind of affection on my old lady too."

 Appellant supports his claim of insufficiency of the evidence to sustain the judgment with the argument that the People charged that three items were taken from the person of Gallagos, $10, his wallet and his pants (the information charged defendant only with taking from the person of Gallagos his "personal property") and there is no evidence that Gallagos had $10 on his person or as to the value of the pants and the wallet, and it is doubtful the latter could be valued over $200.

Viewing the evidence in a light most favorable to the respondent (*People* v. *Sweeney,* 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049]) and presuming in support of the judgment the existence of every fact the trier could reasonably deduce therefrom (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), we find in the record sufficient evidence to support the jury's finding of guilt. All of the elements of grand theft from the person are present—personal property of Gallagos was taken from his person without his consent with an

intent to permanently deprive him of it. (§§ 484,[1] 487,[2] Pen.
Code; *Callan* v. *Superior Court*, 204 Cal.App.2d 652, 667 [22
Cal.Rptr. 508].) As to the amount of money in the wallet or
the value of the wallet or pants, the same is of no legal signifi-
cance inasmuch as the evidence shows the theft to be from the
person of Gallagos. (§ 487, subd. 2, Pen. Code; *People* v.
*Montes*, 173 Cal.App.2d 256, 261 [343 P.2d 141].) "It is
immaterial whether the property was carried away or its
value exceeded $200. (15 Cal.Jur. 889.) ▉ 'It is the felo-
nious taking of property "from the person of another" that
constitutes grand theft, and not the taking of any specified
amount from the person nor taking the property from any
specified place on the person. [Citation.]'" (*People* v. *Cren-
shaw*, 63 Cal.App.2d 395, 396-397 [146 P.2d 690].)

▉ Williams testified that he saw the three men "scuf-
fle" in the middle of the street, Glasco and defendant put
their hands in Gallagos' pockets, Gallagos' wallet and pants
fall to the street, Glasco pick them up and with defendant run
to the rear of the hotel. It cannot fairly be denied that both
wallet and pants were taken from the person of defendant,
even though Glasco picked them up from the street; clearly it
was because of the conduct of defendant and Glasco in
scuffling with Gallagos, getting into his pockets and pulling
on his pants, that the wallet and the pants fell to the street
where Glasco immediately took possession of them, ending the
struggle, and accompanied by defendant, ran away. While the
jury reasonably could have believed that money (in the wal-
let) was also taken. the evidence is sufficient to sustain the
conviction based entirely on the theft of the pants and the
wallet. Gallagos was not certain of the amount of money he
carried since he had not counted it; the wallet contained no
money when returned to him; and Glasco, after having been
informed of his rights, admitted being in a fight and taking
money from the other party. From the foregoing the inference
is reasonable that *some* money had been taken from Gallagos.

▉ Gallagos, of Mexican descent, was unable to communi-
cate and after an unsuccessful attempt by the prosecutor to
examine him, he was excused; his testimony did not concern
the theft. To show the theft of the money, wallet and pants

---

[1]Section 484, Penal Code, provides: "Every person who shall feloni-
ously steal, take, carry . . . away the personal property of another . . .
is guilty of theft. . . ."

[2]Section 487, Penal Code, provides in pertinent part as follows:
"Grand theft is theft committed in any of the following cases:
"2. When the property is taken from the person of another."

from the person of Gallagos, the People had to rely upon the testimony of Williams, standing nearby, who told what he saw of the fight and theft. Thus, there is no merit to appellant's claim that since Gallagos did not deny the crime took place or testify that anything was taken from him, he should not have been convicted or if at all, of petty theft. It is not necessary for the victim of a theft from his person to testify if other evidence is available to prove all of the elements of the crime. Nor, as claimed by appellant, was it incumbent upon the state to provide a translator so Gallagos could testify in Spanish.

Appellant finally contends that "the facts proved by the state show that robbery was committed rather than grand theft from the person" thus the conviction must be reversed. Inasmuch as appellant concedes that the evidence shows a robbery was committed, we fail to see cause for complaint. Had he been charged with (robbery) wilfully, unlawfully, feloniously and by means of force and fear taking from the person of Thomas Gallagos certain personal property, defendant could well have been convicted of grand theft from the person, a lesser but necessarily included offense because the robbery, appellant here concedes includes all of the elements of a violation of section 487, subdivision 2, Penal Code. "The lesser offense of grand theft, person is 'necessarily included' if it is within the offense specifically charged in the accusatory pleading. (*People* v. *Marshall*, 48 Cal.2d 394, 398-399 [309 P.2d 456].) The particular robbery pleaded in the information here includes all of the elements of a violation of section 487, subdivision 2. It is specifically alleged that defendant 'did wilfully, unlawfully, feloniously and by means of force and fear take from the person, possession and immediate presence of Meyer Kaufman . . . money and narcotics.' The allegation that money and narcotics were taken 'from the person . . . of Meyer Kaufman' by robbery necessarily imports the elements of grand theft, person, to wit: the taking of money and narcotics from the person of Meyer Kaufman. (Pen. Code, § 487, subd. 2.)" (*People* v. *Chandler*, 234 Cal. App.2d 705, 708 [44 Cal.Rptr. 750]; § 1159, Pen. Code; *In re Hess*, 45 Cal.2d 171, 174 [288 P.2d 5]; *People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.