[Crim. No. 38537. Second Dist., Div. Two. May 7, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
LEE GOINS, Defendant and Appellant.

COUNSEL

J. Richard Eversman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Lisa B. Lench, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

COMPTON, J.—Charged with robbery and assault with a deadly weapon with intent to commit murder, defendant was found guilty by a jury of grand theft and assault with a deadly weapon. He appeals. We affirm.

The evidence discloses that the charges grow out of a rather bizarre incident. Defendant entered a gun shop and asked to be shown some .38 caliber hand guns. Defendant indicated that he was interested in purchasing one. The proprietor, a Mr. Kwon, handed the defendant a gun valued at about $125.

Defendant, over Mr. Kwon's objection, inserted one live round into the cylinder, pointed it at Mr. Kwon and pulled the trigger. The hammer fell on an empty chamber. Kwon, who was himself armed, then fired five shots at defendant, hitting him twice. Defendant, in turn, pulled the trigger five times on the gun he was holding, discharging the one round in the direction of Kwon. It passed through a window of the establishment. Defendant then threw the empty gun at Kwon and surrendered.

When police arrived, they found five live .38 caliber rounds in a hat which defendant had laid on the display counter. They were of the same

manufacture as the empty casing found in the gun defendant had used. Defendant did not have sufficient money on his person to pay for the gun.

Defendant's first contention is that the court erroneously denied his motion for a mistrial when a juror was excused and replaced with an alternate.

■ The juror, who was replaced, informed the court during the presentation of the defense case, that he knew the person with whom defendant had been living and who appeared as a defense witness. The juror further stated that he was so favorably disposed toward this person that he could not be impartial in weighing his testimony.

Penal Code section 1089 permits the replacing of a juror with an alternate for good cause. The determination of good cause is a matter for the exercise of sound discretion by the trial court. Under the circumstances, we find no abuse of that discretion. (See *People v. Abbott* (1956) 47 Cal.2d 362 [303 P.2d 730]; *People v. Hall* (1979) 95 Cal. App.3d 299 [157 Cal.Rptr. 107].)

As to the assault charge, the defendant's version of the incident amounted to a claim of self-defense in that Kwon allegedly fired at him first. Since the jury found against defendant on that issue, the only question remaining is whether, under the circumstances, defendant's conduct constituted an assault with a deadly weapon.

■ A loaded gun as a matter of law is a deadly weapon. (*Pittman v. Superior Court* (1967) 256 Cal.App.2d 795 [64 Cal.Rptr. 473].) A six-shot revolver with even one live round is a loaded weapon which has the capability of inflicting great bodily harm or death. (*People v. Vaiza* (1966) 244 Cal.App.2d 121 [52 Cal.Rptr. 733].) ■ The evidence was clearly sufficient to support the judgment that defendant assaulted Mr. Kwon with a deadly weapon.

As to the grand theft charge, defendant was charged with robbery, and while petty theft is a necessarily included offense in robbery, grand theft is not necessarily included for the reason that robbery can be committed without necessarily committing grand theft. It has been held, however, that a judgment finding defendant guilty of an offense, which by statutory definition is not an included offense in that charged, may

be sustained if the language of the accusatory pleading includes the elements of the lesser offense. (*People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].)

Thus, where the indictment or information charges robbery in language that defendant, by means of force or fear, took personal property from the person of the victim, that the value of the property exceeded $200 or that the property was of a type enumerated in Penal Code section 487, subdivision 3 (automobile, firearm, etc.), the defendant may be found guilty of the lesser offense of grand theft. (*People* v. *Marshall, supra.*)

■ In the case at bench, the information alleged only that defendant, by means of force or fear, took personal property from the "person, possession *and* immediate presence" of the victim. Thus according to the information, the only form of grand theft that was possibly included in the charge of robbery was grand theft from the person. We do not decide whether that form of pleading is effective in making grand theft from the person an included offense in robbery. The problem here is that the evidence in any event is uncontroverted that the property, to wit, the gun, was *not* taken from the *person* of the victim.

The record discloses that defense counsel requested the court, and the trial court agreed, to instruct the jury that defendant could be found guilty of the necessarily included offense of grand theft of a firearm. The court also, at defense counsel's request, instructed that the form of theft involved was larceny by trick and device.

That form of theft consists of obtaining possession of the personal property of another by persuading the victim to voluntarily part with possession as the result of a trick or ruse which generally takes the form of a factual misrepresentation. The defendant, at the time of obtaining possession, must have the preexisting intent to permanently deprive the owner of possession.

Here the victim voluntarily surrendered possession of the gun to defendant on the false representation that the latter was interested in purchasing the gun. Defendant then exercised dominion and control over the gun by his use of the gun in shooting at the victim, and there was sufficient evidence of asportation to satisfy that requirement. Further, there was also adequate evidence to support the finding that

defendant intended to steal the gun. Of course the theft of a gun of any value is grand theft.

Thus we have the situation of a defendant, essentially at his own request and without agreement of the prosecutor, being convicted on the basis of substantial evidence of a crime which was not, under any theory, included in the offense charged. Since the jury's verdict amounted to an acquittal of the charged offense of robbery, the prosecution has no remedy by way of appeal to reinstate the greater charge.

The result is somewhat comparable to a bipartite type plea bargain even though such bargains in California are required to be tripartite. (*People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409]; Pen. Code, §§ 1192.5, 1016, 1017, 1192.1, 1192.4.) Additionally the vice of this procedure, as distinguished from the usual form of plea bargain, is that the defendant, at the time he obtained the court's acquiescence to his request, still had available to him the possibility of a complete acquittal. The defendant really gave up nothing except, as we will discuss, his ability to now complain that he was found guilty of an offense which was not included in that which was charged.

In *People* v. *West, supra*, it was held that a defendant who entered into a plea bargain with the district attorney and with the approval of the court, could not complain that he had pleaded guilty to an offense that was not technically included in the offense charged. The basis for the holding was that in accepting a voluntary plea to an offense reasonably related to the charged offense, the court had jurisdiction to sentence for the offense to which the defendant pleaded.

Earlier in *People* v. *Francis* (1969) 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591], the Supreme Court held that in the case of a "slow plea" by submission of the case to a judge, sitting without a jury, on the transcript of the testimony taken at the preliminary hearing, defendant could not, without having objected in the trial court, complain on appeal that he was found guilty of a lesser offense which was not included in the one which had been charged. The rationale of the holding was that there was a waiver of notice and, in effect, an "implied amendment" of the accusatory pleading.

While the principle enunciated in these two cases would preclude a person, such as the defendant, from complaining of the verdict which

he, in effect, requested, the practice of instructing jurors on offenses that are not, under any theory, included in the charged offense should be discouraged.

The district attorney, as representative of the People, has the authority to control the conduct of the prosecution which he institutes, and he does that, in part, by selecting the offenses which he charges in the accusatory pleading.

A prosecutor who, "over charges" or charges the wrong offense in the accusatory pleading runs the risk of having the defendant acquitted but that is a matter within his prosecutorial discretion. The defendant should not be permitted, unilaterally, to amend the pleadings.

While we are sensitive to the fact that some appellate court opinions, which have stretched the requirement for instructing on included offenses to its absolute limits, tend to cause trial courts to be overly cautious in instructing juries, a trial court can with confidence and should refuse to instruct on offenses which are not included in the pleading or statutory definition of the charged offense.

The judgment is affirmed.

Beach, J., concurred.

FLEMING, Acting P. J.—I agree with the affirmance but find the reasoning used to support the conviction for grand theft under the first count unnecessarily complex.

Quite clearly, the crime of robbery (Pen. Code, § 211) includes within itself the lesser-included crimes of theft and of theft from the person (Pen. Code, §§ 484, 487). Section 211 defines robbery as, "... the *felonious taking* of *personal property* in the possession *of another*, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Italics added.) Section 484 defines theft in part: "Every person who shall *feloniously ... take ... the personal property of another* ... is guilty of theft." (Italics added.) Penal Code section 487 defines grand theft in part as theft *"from the person of another."* (Italics added.)

It may be seen that the definition of robbery contains three elements: (1) the taking of personal property of another, (2) from his person or

immediate presence, (3) by force or fear. The first element of robbery (felonious taking) standing by itself constitutes the crime of theft. (Pen. Code, § 484.) The first and second elements of robbery (a felonious taking from the person of another) together constitute the crime of grand theft from the person (Pen. Code, § 487, subd. 2). Consequently, a defendant charged with robbery is put on notice that included within the charge of robbery are charges of theft and of theft from the person. If the evidence at trial suggests that these lesser-included offenses might have been committed independently of and without the commission of robbery, the defendant may request, and the judge give, instructions on such lesser-included offenses. (Cf. *People* v. *Covington* (1934) 1 Cal.2d 316, 320-321 [34 P.2d 1019], robbery-petty theft; *People* v. *Marshall* (1957) 48 Cal.2d 394, 398, 406 [309 P.2d 456], robbery-theft; *People* v. *Smith* (1968) 268 Cal.App.2d 117, 121 [73 Cal.Rptr. 859], robbery-grand theft person.)

This is precisely what happened here, where the oddity of the events in the gun shop and the divergence of testimony about those events justified the court in granting defendant's request for instructions on grand theft. Under those instructions if the jury returned a guilty verdict on the first count, it had the choice of finding defendant guilty of robbery or guilty of grand theft. After reviewing the evidence the jury chose the latter verdict. This was a proper finding of guilt on an offense necessarily included within the charge of robbery (Pen. Code, § 1159), and defendant has no cause for complaint.