[No. S097222. Feb. 21, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFONSO CORTEZ CROSSDALE, Defendant and Appellant.

**COUNSEL**

John Steinberg, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Assistant Attorney General, Patrick J. Whalen and Robert M. Morgester, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN, J.—**  The issue in this case is whether a first offense for Penal Code[1] section 502.7, subdivision (a) (section 502.7(a)) can be punished as a felony if the amount of the loss does not exceed $400. The Court of Appeal concluded section 502.7(a) incorporates the grand theft loss provision of section 487, subdivision (a), and therefore reduced the offense

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

to a misdemeanor and remanded for resentencing. We disagree, and therefore reverse the Court of Appeal's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

The underlying facts are undisputed and largely immaterial to this question of statutory interpretation. We therefore adopt our statement of facts from that of the Court of Appeal.

Defendant Alfonso Cortez Crossdale was convicted by a jury of one count of obtaining telephone services by fraud (§ 502.7(a)), one count of possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)), three counts of receiving stolen property (§ 496, subd. (a)), 18 counts of possessing completed checks with the intent to defraud (§ 475, subd. (a)), and one count of possessing a forged check with the intent to defraud (§ 475). In a bifurcated proceeding, the trial court found defendant had suffered a prior serious felony conviction, and two prior prison terms (§§ 667, subds. (b)-(i), 667.5, subd. (b)).

The loss from the telephone service obtained by fraud was less than $400. Defendant does not contest the sufficiency of the evidence that he violated section 502.7(a).

Rather, defendant contended, and the Court of Appeal agreed, that he cannot be convicted of a felony if the loss does not exceed $400. The court therefore reduced his conviction to a misdemeanor and remanded for resentencing.

We granted the Attorney General's petition for review.

## II. DISCUSSION

Section 486 divides theft into two degrees, grand and petty theft. Grand theft is generally a "wobbler," punishable in the court's discretion as either a misdemeanor or a felony. (§§ 17, 489, subd. (b).) It is committed in a variety of ways, including when money, labor, or property taken is of a value exceeding $400.[2] (§ 487, subd. (a).) "Theft in other cases is petty theft" (§ 488), generally punishable as a misdemeanor. (§ 490; 2 Witkin & Epstein,

---

[2] Grand theft is also committed under other circumstances, including when domestic fowl, avocados, olives, and other farm crops of a value exceeding $100 are taken (§ 487, subd. (b)(1)(A)), when property is taken from the person of another, or when the property taken is an automobile, firearm, horse, sheep, or pig (§ 487, subds. (c), (d)); *People v. Salorse* (1882) 62 Cal. 139, 142 [grand larceny of horse committed without reference to its value]; *People v. Smith* (1968) 268 Cal.App.2d 117, 119-120 [73 Cal.Rptr. 859] [grand theft from the person

Cal. Criminal Law (3d ed. 2000) Crimes Against Property, § 7, p. 26 ["Petty theft includes all thefts other than grand theft"].)

Section 502.7(a) provides: "Any person who, knowingly, willfully, and with intent to defraud a person providing telephone or telegraph service, avoids or attempts to avoid, or aids, abets or causes another to avoid the lawful charge, in whole or in part, for telephone or telegraph service by any of the following means is guilty of a misdemeanor or a felony, *except as provided in subdivision (g)*." (Italics added.) Section 502.7, subdivision (g) provides, "Theft of any telephone or telegraph services under this section by a person who has a prior misdemeanor or felony conviction for theft of services under this section within the past five years, is a felony."

As of 1985, violation of section 502.7 was punishable only as a misdemeanor. (Stats. 1984, ch. 1432, § 2, pp. 5020-5022.) In 1986, former section 502.7(a) was amended to provide that a person violating that subdivision "is guilty of a misdemeanor or a felony, *as provided in subdivision (f)*." (Stats. 1986, ch. 802, § 1, p. 2695, italics added.) Former subdivision (f) provided: "If the total value of all telephone or telegraph services obtained in violation of this section aggregates over four hundred dollars ($400) within any period of twelve (12) consecutive months during the three years immediately prior to the time the indictment is found or the case is certified to the superior court, or prior to the time the information is filed, or if the defendant has previously been convicted of an offense in excess of four hundred dollars ($400) under this section or of an offense in excess of four hundred dollars ($400) under the laws of another state or of the United States which would have been an offense under this section if committed in this state, a person guilty of such offense is punishable by imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars ($1,000), or both, or by imprisonment in the state prison, by a fine not exceeding ten thousand dollars ($10,000), or both." (Stats. 1986, ch. 802, § 1, p. 2697.)

Thus, under former section 502.7(a), a person could only be convicted of a felony or misdemeanor "*as provided in subdivision (f)*." (Italics added.) Under former subdivision (f), a person was only guilty of either a misdemeanor or felony if the amount of the loss during the relevant period was in

does not require any specified amount].) In addition, it is grand theft to sell, transfer, or convey an access card without the cardholder's or issuer's consent and with intent to defraud, with no amount of loss stated. (§ 484e, subd. (a).) It is likewise grand theft to feloniously steal certain animal carcasses or another's gold dust, amalgam, or quicksilver, again with no amount of loss stated. (§§ 487a, subd. (a), 487d.) Other statutes set amounts of loss at other than the $400 figure. (§§ 484b [wobbler if loss exceeds $1,000], 487b [under specified circumstances, straight felony grand theft to convert real estate valued at $100 or more].)

excess of $400, or if the person had previously been convicted of a predicate offense in excess of $400.

By contrast, the current version of the statute, as amended in 1993, provides that a violation of section 502.7(a) may be either a felony or a misdemeanor "*except* as provided in subdivision (g)." (Italics added.) Under section 502.7, subdivision (g), a violation is not a wobbler but a felony if the person has a predicate prior conviction. Other than the reference to subdivision (g), section 502.7(a) contains no other limitation on when its violation is either a misdemeanor or a felony. In particular, the statute no longer refers to a loss in excess of $400.

Thus, the plain language of the statute does not incorporate section 487, subdivision (a)'s $400 demarcation between grand and petty theft. Nor does it reference section 487, subdivision (a). Rather, the language of section 502.7, subdivisions (a) and (g) demonstrates that the Legislature has expressly declared violation of the statute to be a wobbler for first offenders without reference to a monetary amount. If the Legislature had wanted to incorporate the $400 demarcation, it could have easily done so.

Section 502.7 addresses a growing problem in an increasingly technological age, and when there is no predicate prior conviction allows sentencing as either a felony or misdemeanor in the court's discretion based on factors doubtlessly including but not limited to the amount of loss. Apart from dollar loss, the court might well exercise its discretion to find the offense a felony when, for example, a sophisticated conspiracy is involved, or to find the offense a misdemeanor for less culpable offenders.

### DISPOSITION

The judgment of the Court of Appeal is reversed, and the case remanded to that court for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Moreno, J., and McKinster, J.,* concurred.

---

*Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.