Filed 1/16/25  P. v. Orujyan CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063318 |
| v. | (Super. Ct. No. 23WF1198) |
| HENRIK ORUJYAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge. Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant Henrik Orujyan of grand theft (Pen. Code, § 487, subd. (a)). The trial court suspended imposition of a sentence, placed Orujyan on two years of formal supervised probation, and ordered him to serve 270 days in jail.

We appointed counsel to represent Orujyan on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court she found no arguable issues to assert on Orujyan's behalf. (*Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) To assist us in our independent review, counsel suggested we consider whether: (1) the trial court erred by denying defense counsel's request for an immediate reduction of the conviction from a felony to a misdemeanor pursuant to Penal Code section 17, subdivision (b); (2) whether there was sufficient evidence to support the grand theft conviction.

Counsel and this court notified Orujyan he could file a supplemental brief on his own behalf. However, this court did not receive a supplemental brief from him and the time to file one has passed.

We have independently reviewed the entire record as required under *Anders, supra*, 386 U.S. 738 and *Wende, supra*, 25 Cal.3d 436, and we have found no arguable issues on appeal. Therefore, we affirm the judgment.

FACTS

In March 2023, a loss prevention officer (LPO) working at a Saks Fifth Avenue store received a call concerning a suspicious male quickly leaving the children's clothing section of the store while holding some designer children's clothing. Using security cameras, the LPO located the male and began watching his actions. The sequence of events that transpired before and after the LPO received the initial call about the man were captured on video which was played for the jury at trial. We relate those

2

circumstances here, along with additional matters testified to at trial by the LPO and two police officers.

While in the children's section of the store, Orujyan and another male, later identified as Raymond Hayrapetyan, approached a children's designer clothing rack. Hayrapetyan quickly looked at the clothing rack and gave Orujyan "a look." Orujyan then went over to the rack and, without looking at any price or size tags, quickly took four pieces of clothing off of it. Hayrapetyan left the children's department and Orujyan left after.

With the clothes in hand, Orujyan proceeded to the store's men's department where he put the merchandise down on a chair and walked away. Hayrapetyan approached the chair shortly thereafter, picked up the clothes, tucked them into his jacket, and walked toward nearby fitting rooms. While this occurred, Orujyan spoke to a nearby store employee.

Orujyan, alone, walked into the men's department fitting rooms with a pair of jeans and eventually exited with the same pair of jeans in hand. He left the store, appearing not to be carrying anything, and waited in the parking lot near a black car, which was later identified as belonging to Hayrapetyan. Meanwhile, Hayrapetyan exited the dressing room, left the store a different way, and met up with him at the black car. Neither individual paid for anything. After the men left the store, the LOP checked the fitting rooms where the men had been and found empty children's clothing hangers.

The two men drove off toward another department store in the same mall. Police officers, who were alerted by the LPO, located and stopped the black car in a different parking lot of the same mall. Hayrapetyan told the officers his "friend" was inside an adjacent department store. An officer located Orujyan as he exited the store.

3

A search of Hayrapetyan's car revealed four children's designer clothing items that lacked hangers and had Saks Fifth Avenue price tags. Their combined value was $1,210.

DISCUSSION

Again, we independently reviewed the entire record as required under *Anders*, *supra*, 386 U.S. 738 and *Wende*, *supra*, 25 Cal.3d 436, including the issues suggested by counsel, and we found no arguable issues on appeal.

The trial court was not obligated to immediately reduce Orujyan's conviction to a misdemeanor. Grand theft is generally a "wobbler" offense. That is, it is punishable as either a felony or a misdemeanor, depending on the severity of the facts surrounding its commission. (*People v. Crossdale* (2002) 27 Cal.4th 408, 410; see also Pen. Code, § 489, subd. (c)(1).) "'"A wobbler offense charged as a felony is regarded as a felony for all purposes until imposition of sentence or judgment. [Citations.] If state prison is imposed, the offense remains a felony; if a misdemeanor sentence is imposed, the offense is thereafter deemed a misdemeanor. [Citations.]'" [Citation.] The trial court has discretion to 'reduce a wobbler to a misdemeanor either by declaring the crime a misdemeanor at the time probation is granted or at a later time—for example when the defendant has successfully completed probation.'" (*People v. Tran* (2015) 242 Cal.App.4th 877, 885.)

There was sufficient evidence of grand theft. "The elements to prove grand theft are "'the taking of personal property [valued at more than $950] from the owner . . . into the possession of the criminal without the consent of the owner or under a claim of right, [and] the asportation of the subject matter [with] the specific intent to deprive the owner of his property

4

wholly and permanently.""" (*People v. Portillo* (2023) 91 Cal.App.5th 577, 587.) On the record before us, including the evidence presented and the trial court's instructions concerning an uncharged conspiracy and aiding and abetting, the jury could reasonably have found Orujyan had the requisite mental state and performed acts which rendered him liable for grand theft.

DISPOSITION

The judgment is affirmed.

DELANEY, J.

WE CONCUR:

O'LEARY, P. J.

GOODING, J.