[No. 10,330.]

## THE PEOPLE *v.* JAMES JONES.

ROBBERY INCLUDES LARCENY.—The crime of robbery includes that of lar-
ceny, and under an indictment for the first offense the jury may find the
defendant guilty of larceny if they entertain a reasonable doubt as to which
of the two offenses he was guilty.

APPEAL from the County Court of San Joaquin County.

The defendant was indicted for the crime of robbery committed from the person of George Kimble.   At the trial, Kimble testified that while he was carrying a washboard in his hands through a street in Stockton, he was knocked down by one Meehan.   Kimble immediately shouted "Police," when a person standing near whom he recognized as the defendant said, "Hit him again."   Kimble became insensible ; and when he recovered, his purse, containing one hundred and thirty-five dollars, was gone.   There was evidence that Kimble was intoxicated ; that he was not struck ; that Meehan seized the washboard and snatched the purse from Kimble's pocket at the same instant, and that it was some time afterwards that he discovered his loss and was accosted by the defendant.

The defendant asked the Court to instruct the jury as stated in the opinion, but the instruction was refused.   He was convicted of robbery, moved for a new trial, which was denied, and appealed.

*L. L. Carter*, for Appellant.

*Attorney-General Hamilton*, for the People.

By the COURT:

The Court erred in refusing to give the *seventeenth* instruction, which was to the effect that under the indictment for robbery the jury might find the defendant guilty of a larceny, if they entertained a reasonable doubt as to which of the two offenses he was guilty.

Robbery is larceny committed by violence from the person of one put in fear. " The indictment for robbery charges a larceny, together with the aggravating matter which makes it in the particular instance robbery." (2 Bish. Cr. L. 1158.) In the Penal Code, sec. 484, larceny is defined: " The * * felonious * * taking * * the property of another." And sec. 211 of the same Code declares: " Robbery is the felonious taking of personal property in the possession of another, *from his person or immediate presence*, and against his will, accomplished by means of force or fear."

It is obvious from the foregoing definitions that an indictment for robbery must aver every fact necessary to constitute larceny, and more.

The jury may find a defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. (Penal Code, 1159.) And as there was some evidence tending to show that the crime was merely larceny, the defendant had the right to insist on the instruction he requested the Court to give.

Judgment and order denying new trial reversed, and cause remanded for a new trial.