[No. S055216. Dec. 17, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNESTO ORTEGA et al., Defendants and Appellants.

**COUNSEL**

Leslie C. Greenbaum, under appointment by the Supreme Court, for Defendant and Appellant Ernesto Ortega.

Maureen J. Shanahan, under appointment by the Supreme Court, for Defendant and Appellant David Higuera.

Richard D. Miggins, under appointment by the Supreme Court, for Defendant and Appellant Luis Avila.

Daniel G. Koryn, under appointment by the Supreme Court, for Defendant and Appellant Alexander Rayon.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne, Robert F. Katz, Susan C. Diamond, Lance E. Winters and Lisa J. Brault, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GEORGE, C. J.**—In this case, we consider whether a defendant charged with carjacking, robbery, and theft, based upon the commission of a single act or course of conduct, may be convicted of multiple offenses. As we shall

explain, we conclude that a defendant may be convicted of both carjacking and robbery, or of both carjacking and theft, but may not be convicted of both robbery and theft, based upon the commission of a single act or course of conduct.

I

Defendants Ernesto Ortega, Alexander Rayon, David Higuera, and Luis Avila were charged in an amended information filed September 21, 1994, with two counts of carjacking (Pen. Code, § 215),[1] two counts of second degree robbery (§ 211), and one count of grand theft of a vehicle (former § 487, subd. 3).[2] Additionally, enhancements were alleged against some of the defendants.

Defendants were found guilty as charged following a jury trial, at which the evidence (considered in the light most favorable to the judgment) showed that on June 16, 1994, shortly before 8:30 p.m., 17-year-old Jose Rubio, accompanied by his 13-year-old friend Bernardo Leyva, was on his way to attend his girlfriend's junior high school graduation. Looking for a place to park, Rubio was driving his van down a street near the school when a vehicle turned in front of him, blocking his way. The occupants of the other vehicle, who later were identified as the four defendants, quickly left their vehicle and ran to Rubio's van. One of them was carrying a large piece of wood.

Avila asked Rubio whether he was from the "Tonerville" gang, and Rubio said he was not. Avila asked Rubio what he was doing in Avila's neighborhood, and Rubio explained he was attending his girlfriend's graduation. Avila then said, "Fuck Tonerville," and demanded that Rubio empty his pockets and give him the van. Rubio refused and said he was not a member of a gang. Avila again said, "Fuck Tonerville," punched Rubio in the face twice, and then opened the door of the van and clubbed Rubio with the piece of wood. Rubio left the van and was punched repeatedly by each of the defendants. When Rayon demanded Rubio's wallet, Rubio complied. As Rubio removed his wallet from his pocket and gave it to Rayon, Rayon saw

---

[1]All further statutory references are to the Penal Code, unless otherwise indicated.

[2]The amended information charged a violation of former section 487, subdivision 3, which defined grand theft to include theft "[w]hen the property taken is an automobile." Effective October 11, 1993 (nearly nine months before the charged offense was committed), section 487 had been amended to delete this provision and section 487h had been enacted, subdivision (a) of which provided that "[e]very person who feloniously steals or takes any motor vehicle . . . is guilty of grand theft." Effective January 1, 1997, section 487h was repealed and section 487 was amended to again provide, this time in subdivision (d), that grand theft includes theft "[w]hen the property taken is an automobile . . . ." Defendants have not raised, and we do not consider, the issue whether these circumstances affect the validity of the judgment of conviction for grand theft.

Rubio's pager and took it as well. Rayon looked in the wallet, saw that it contained no money, and threw it back to Rubio.

Ortega went around to the passenger side of the van and punched Leyva through the open window. Ortega opened the door and tried to pull Leyva out of the vehicle, but Leyva's seatbelt was fastened, leaving him hanging by the belt halfway out of the van. Ortega began to kick Leyva. Leyva got free of the seatbelt and fell to the pavement. Ortega continued to kick Leyva and then pulled off Leyva's sweater. Leyva got up and ran, and Ortega and Avila entered the van and drove away, with the other vehicle following. Rubio and Leyva summoned the police. Ortega, Rayon, and Higuera were located near the scene of the crime and were arrested. Avila was arrested later when he went to the police station to recover his automobile.

During closing argument, the prosecutor told the jury that the two counts of carjacking were based upon the taking of the vehicle from the possession of Rubio and Leyva, respectively. The two counts of robbery were based upon, respectively, the forcible theft of Rubio's wallet and pager, and the forcible theft of Leyva's sweater. The single count of grand theft was based upon the theft of the vehicle. As mentioned above, the jury found each defendant guilty as charged on all five counts.

Ortega having waived his right to a jury determination of the truth of the allegation that he had served a prior prison term, the court, following a brief hearing, found the allegation true. The prior prison term allegation as to Higuera was dismissed on motion of the prosecution.

On count 1 (carjacking), the court sentenced each defendant to the upper term of nine years in prison. Avila was sentenced to an additional year for personally using a deadly weapon in the commission of this offense. As to counts 2 (carjacking), 3 (the robbery of Rubio), and 5 (grand theft), sentences were imposed and stayed pursuant to the proscription against multiple punishment contained in section 654. On count 4 (the robbery of Leyva), Ortega and Higuera each were sentenced to a consecutive term of one year, Avila was sentenced to a concurrent term of three years, and Rayon was sentenced to a concurrent term of five years. Ortega was sentenced to an additional term of one year on the prior prison term finding. Thus, the total prison terms imposed were 11 years for Ortega, 10 years for Higuera and Avila, and 9 years for Rayon.

The Court of Appeal affirmed defendants' convictions for both carjacking and robbery, but reversed their convictions for grand theft, holding that that offense is a lesser included offense of carjacking. We granted the People's

petition for review and subsequently requested supplemental briefing on the issues whether defendants properly could be convicted of both carjacking and robbery and whether defendants' robbery convictions were based, in whole or part, upon the taking of the van.

## II

The issue before us concerns when a defendant may receive multiple *convictions* for offenses arising out of a single act or course of conduct. This issue must be distinguished from the closely related question of when a defendant may receive multiple *sentences* based upon a single act or course of conduct. This important distinction is reflected in the difference between sections 954 and 654.

Section 954 states that "[a]n accusatory pleading may charge . . . different statements of the same offense" and "the defendant may be convicted of any number of the offenses charged." Section 654 states: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of punishment, but in no case shall the act or omission be punished under more than one . . . ." In *People* v. *Pearson* (1986) 42 Cal.3d 351, 359 [228 Cal.Rptr. 509, 721 P.2d 595], we recognized the tension between these statutes, observing: "This court has long struggled with the problem of permitting multiple convictions while protecting the defendant from multiple punishment." The solution we have adopted is, in general, to permit multiple convictions on counts that arise from a single act or course of conduct—but to avoid multiple punishment, by staying execution of sentence on all but one of those convictions. (*Id.* at p. 360.)

But despite the seemingly absolute language of section 954 ("the defendant may be convicted of any number of the offenses charged"), there is an exception to the general rule permitting multiple convictions. "Although the reason for the rule is unclear, this court has long held that multiple convictions may *not* be based on necessarily included offenses. [Citations.]" (*People* v. *Pearson, supra,* 42 Cal.3d 351, 355, italics in original.) " 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' [Citations.]" (*Ibid.*)

A defendant who commits a battery may not be convicted of both battery and assault, because "[a]n assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim." (*People* v. *Greer* (1947) 30 Cal.2d 589, 597 [184 P.2d 512], not followed on

other grounds in *People* v. *Pearson, supra,* 42 Cal.3d 351, 358, and over-ruled on other grounds by *People* v. *Fields* (1996) 13 Cal.4th 289, 308, fn. 6 [52 Cal.Rptr.2d 282, 914 P.2d 832].)    In contrast, a defendant properly may be convicted of two offenses if neither offense is necessarily included in the other, even though under section 654 he or she could not be punished for more than one offense arising from the single act or indivisible course of conduct. The necessarily included offense rule is used to determine whether a defendant improperly has been convicted of both a greater offense and an included offense, or properly has been convicted of separate offenses.

### III

The Court of Appeal held that defendants could not properly be convicted of both carjacking and grand theft, based upon the taking of the van, because theft is a necessarily included offense of carjacking. We disagree.

" 'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd. (a).)

Section 484, subdivision (a), defines the crime of theft: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another . . . is guilty of theft." Section 486 declares: "Theft is divided into two degrees, the first of which is termed grand theft; the second, petty theft." Section 487, subdivision (d), defines grand theft to include the theft of an automobile.

Carjacking requires two elements that are not required for theft: that the vehicle be taken from the possession or immediate presence of another, and that the taking be "accomplished by means of force or fear." (Compare section 215 with section 484.) Theft requires an element—the specific intent to *permanently* deprive a person of property—that is not required for carjacking. (*People* v. *Jaso* (1970) 4 Cal.App.3d 767, 771 [84 Cal.Rptr. 567]; *People* v. *Hamilton* (1995) 40 Cal.App.4th 1137, 1142 [47 Cal.Rptr.2d 343].) Accordingly, neither carjacking nor theft is a necessarily included offense of the other, because it is possible to commit either offense without committing the other. (*People* v. *Pearson, supra,* 42 Cal.3d 351, 355.) Defendants properly were convicted of both carjacking and grand theft.

### IV

The Court of Appeal was correct, however, in reversing defendants' convictions for grand theft, although it did so for the wrong reason. As

explained below, it is well settled that theft is a necessarily included offense of robbery. Accordingly, defendants could not properly be convicted of both robbery and theft based upon the same conduct.

" 'Theft is a lesser included offense of robbery, which includes the additional element of force or fear.' [Citation.]" (*People* v. *Bradford* (1997) 14 Cal.4th 1005, 1055 [60 Cal.Rptr.2d 225, 929 P.2d 544].) This rule dates back to the common law. Professor Perkins states: "Since robbery 'is a species of aggravated larceny' a single taking of property will obviously not support a conviction of larceny as a separate offense in addition to the conviction of robbery." (Perkins, Criminal Law (3d ed. 1982) p. 350, fns. omitted.) Perkins left no doubt that this rule applies when the taking of property constitutes grand larceny, citing in support of this rule a case holding that grand larceny is a lesser included offense of robbery. (*Id.* at p. 350, fn. 47.)

It is not surprising that the ancient rule that larceny is a necessarily included offense of robbery applies when the degree of the larceny is grand larceny, because the term *larceny* as used in the common law generally referred to grand larceny. Prior to the year 1275, there was but one form of larceny. In that year, an English statute divided larceny "into two grades: grand larceny and petit larceny, depending upon the value of the property taken. If the value of the property was more than 12 pence, the offense was grand larceny; if the value was 12 pence or less, the offense was petit larceny. But 'larceny was a felony, whether grand or petit.' It was only the punishment which differed. Grand larceny was punishable by death; but petit larceny was punishable by forfeiture of goods and whipping." (3 Wharton, Criminal Law (15th ed. 1995) § 344, p. 361, fns. omitted.) Grand larceny was considered to be the general offense, with petit larceny considered to be a lesser form of that offense: "As a matter of logic grand larceny might have been regarded as an aggravated form of larceny, but this was not the view. On the contrary, if the value of the property stolen did not exceed twelve pence this was regarded as a *mitigating* circumstance which entitled the thief to be spared from the extreme penalty (death)." (Perkins, Criminal Law, *supra*, at p. 339.)

This court has applied the rule that theft, whether grand theft or petty theft, is a necessarily included offense of robbery—in a long, unbroken line of authority stretching from the decisions in *People* v. *Jones* (1878) 53 Cal. 58, 59, and *People* v. *Church* (1897) 116 Cal. 300 [48 P. 125], to our holding in *People* v. *Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182]. (See also *People* v. *Marshall* (1957) 48 Cal.2d 394, 400 [309 P.2d

456] ["[T]he. theft of an automobile . . . is included in the offense of robbery by the taking of an automobile . . . ."].)[3]

Despite the foregoing authority,[4] a dispute has arisen regarding whether grand theft is a necessarily included offense of robbery. The defendant in *People* v. *Irvin, supra,* 230 Cal.App.3d 180, robbed the victim at knifepoint, taking her automobile and other property, and was convicted of both robbery (§ 211) and grand theft of an automobile (former § 487, subd. 3). The defendant contended he could not be convicted of both offenses, because grand theft is a necessarily included offense of robbery. The Court of Appeal agreed, stating: " '[I]t has long been the law of California that robbery is simply an aggravated form of theft with the additional element of force or fear, and that theft is therefore a lesser but necessarily included offense of robbery.' [Citation.]" (230 Cal.App.3d at p. 184.)

One justice dissented in *Irvin*, arguing that grand theft of an automobile is not a necessarily included offense of robbery, because "robbery . . . can be committed without committing the grand theft of an automobile. The essential element of the less serious offense, the taking of an automobile, is not an element of the greater offense of robbery." (*People* v. *Irvin, supra,* 230 Cal.App.3d 180, 194 (dis. opn. of Turner, P. J.).)

This issue was revisited in *People* v. *Rush, supra,* 16 Cal.App.4th 20, where again it was held that grand theft is a necessarily included offense of

---

[3]Other cases that hold that grand theft is a lesser included offense of robbery include *People* v. *Webster* (1991) 54 Cal.3d 411 [285 Cal.Rptr. 31, 814 P.2d 1273]; *People* v. *Covington* (1934) 1 Cal.2d 316 [34 P.2d 1019]; *People* v. *Nelson* (1880) 56 Cal. 77; *People* v. *Guzman* (1996) 45 Cal.App.4th 1023, 1028 [53 Cal.Rptr.2d 67]; *People* v. *Gamble* (1994) 22 Cal.App.4th 446 [27 Cal.Rptr.2d 451]; *People* v. *Rush* (1993) 16 Cal.App.4th 20 [20 Cal.Rptr.2d 15]; *People* v. *Jones* (1992) 2 Cal.App.4th 867, 869 [3 Cal.Rptr.2d 602]; *People* v. *Irvin* (1991) 230 Cal.App.3d 180 [281 Cal.Rptr. 195]; and *People* v. *Roberts* (1976) 57 Cal.App.3d 782, 787, footnote 1 [129 Cal.Rptr. 529].

[4]The only published decision that contains language to the contrary is *People* v. *Goins* (1981) 118 Cal.App.3d 923, 926 [173 Cal.Rptr. 655], in which a divided Court of Appeal stated, without citation of supporting authority or discussion of the substantial authority to the contrary, that "grand theft is not necessarily included [in the crime of robbery] for the reason that robbery can be committed without necessarily committing grand theft." The court in *Goins* nevertheless affirmed the judgment of conviction for grand theft where the defendant had been charged with robbery, because the defendant had requested that the jury be instructed that it could find the defendant guilty of the necessarily included offense of grand theft. To our knowledge, no decision has cited the decision in *Goins* for the proposition that grand theft is not a necessarily included offense of robbery.

By contrast, *People* v. *Morales* (1975) 49 Cal.App.3d 134, 141 [122 Cal.Rptr. 157] has been cited repeatedly for the proposition that, in a prosecution for robbery and murder, "[t]he trial court . . . erred in failing to instruct on the lesser included offense of grand theft." (*People* v. *Jones, supra,* 2 Cal.App.4th 867, 869; *People* v. *Lescallett* (1981) 123 Cal.App.3d 487, 491 [176 Cal.Rptr. 687]; *People* v. *Roberts, supra,* 57 Cal.App.3d 782, 787, fn. 1.)

We now disapprove the decision in *People* v. *Goins, supra,* 118 Cal.App.3d 923, to the extent that it is inconsistent with our holding in the present case.

robbery where both offenses are based upon the same taking of an automobile. As in *Irvin*, one justice dissented in *Rush*, arguing that grand theft of an automobile is not a necessarily lesser included offense of robbery, because robbery can be committed without taking an automobile. These different views again were reflected in majority and dissenting opinions in *People* v. *Gamble, supra*, 22 Cal.App.4th 446. The justice who dissented in *Gamble* concluded in another dissent, in *People* v. *Guzman, supra*, 45 Cal.App.4th 1023, that grand theft of property worth more than the threshold amount of $400 also is not a lesser included offense of robbery, because robbery may be based upon the forcible taking of property of a lesser value.

In each of these cases, the dissenting justice erroneously treated every form of theft as a separate offense. As noted above, the crime of theft is divided into two degrees, grand theft and petty theft. (§ 486.) Grand theft, therefore, is not a separate offense, but simply the higher degree of the crime of theft.[5]

Section 487 defines grand theft to include theft of property worth more than $400 (subd. (a)) and the theft of an automobile (subd. (d)). Several other statutes also define certain forms of theft to be grand theft (e.g., §§ 487a [theft of the carcass of certain animals], 487d [theft of gold dust from a mining claim]). Section 488 states: "Theft in other cases is petty theft."

█ "In charging a crime divided into degrees . . . , it is not necessary to allege the particular degree, or the facts establishing the degree. The general pleading of the offense will support proof of the higher or lower degree. [Citations.]" (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2080, p. 2450; see, e.g., *People* v. *Gallego* (1990) 52 Cal.3d 115, 188-189 [276 Cal.Rptr. 679, 802 P.2d 169] [murder]; *In re Walker* (1974) 10 Cal.3d 764, 781 [112 Cal.Rptr. 177, 518 P.2d 1129] [murder]; *People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 966 [149 Cal.Rptr. 855] [burglary]; *People* v. *Nunez* (1970) 7 Cal.App.3d 655, 663 [86 Cal.Rptr. 707] [burglary].) █ More specifically, section 952 states, in part: "In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another." It is not required that the charging document specify whether the alleged crime constitutes grand theft or petty theft. (*People* v. *Anderson* (1961) 55 Cal.2d 655, 657 [12 Cal.Rptr. 500, 361

---

[5]The concurring and dissenting opinion in the present case makes the same error, stating "the defendants were not convicted of simple theft." (Conc. & dis. opn. of Chin, J., *post*, p. 704.) There is no such crime as "simple theft." Defendants were convicted of theft as defined in section 484. Because the theft was of an automobile, the degree of the crime is grand theft. (§§ 486, 487, subd. (d).)

P.2d 32].) ■ Because theft is a necessarily included offense of robbery (*People* v. *Bradford, supra,* 14 Cal.4th 1005, 1055), it follows that both degrees of theft, grand and petty, are necessarily included offenses of robbery.

Focusing upon whether a particular form of theft necessarily is included within the offense of robbery misses the point, recognized in our early case law, that the crime of theft, in one form or another, always is included within robbery. The defendants in *People* v. *Covington, supra,* 1 Cal.2d 316, were convicted of robbery. We reversed their robbery convictions, because the trial court erroneously had refused to instruct the jury that it could find the defendants guilty of the lesser offense of either petty theft or grand theft, depending upon the value of the property taken. (*Id.* at p. 320.) The defendants in *People* v. *Nelson, supra,* 56 Cal. 77, were charged with robbery, but convicted of grand larceny. We affirmed the judgment of conviction, stating: "It was competent, under the information, for the jury to convict of larceny; and when the property is taken from the person of another, the offense is grand larceny, irrespective of the amount taken. [Citation.]" (*Id.* at p. 80.)[6]

One reason for the continuing dispute concerning whether grand theft is a necessarily included offense of robbery may be that the majority in *People* v. *Rush, supra,* 16 Cal.App.4th 20, employed flawed reasoning in reaching the correct conclusion that grand theft is a necessarily included offense of robbery. The court in *Rush* accepted the prosecutor's mistaken premise that, based solely upon the elements of the offenses, grand theft of an automobile was not a necessarily included offense of robbery, because "robbery may be committed, in the abstract, without committing automobile theft." (*Id.* at p. 23.) The Court of Appeal added, however, that this conclusion did not end the inquiry, and proceeded to examine "the pleadings and facts in support of the conviction." (*Id.* at p. 25.) Based upon the language of the information and the evidence introduced at the preliminary hearing, the appellate court held that the defendant could not be convicted of both robbery and grand theft.

The dissent in *Rush* revealed the flaw in the majority's reasoning: "[J]ust because, *in fact,* one indivisible act simultaneously violates two statutes . . . does *not* mean the two offenses are 'necessarily' included. *Factual* inextricability does *not* equal 'necessarily included.' " (*People* v. *Rush, supra,* 16

---

[6]Of course, if the evidence admitted at trial is insufficient to determine the degree of the theft, the defendant may be convicted only of petty theft pursuant to section 1097, which states: "When it appears that the defendant has committed a public offense, or attempted to commit a public offense, and there is reasonable ground of doubt in which of two or more degrees of the crime or attempted crime he is guilty, he can be convicted of the lowest of such degrees only."

Cal.App.4th 20, 31 (dis. opn. of Woods (Fred), J.), italics in original.) But the dissent then erroneously concluded that the defendant properly could be convicted of both grand theft and robbery based upon a single taking of an automobile, because "one *can* commit a robbery without committing grand theft vehicle." (*Id.* at p. 35, italics in original.)

The majority in *Rush* erred by examining the evidence in support of the conviction in order to determine whether multiple convictions were permitted. ▮ The determination of whether an offense cannot be committed without necessarily committing the included offense must be based, however, upon the statutory definitions of both offenses and the language of the accusatory pleading. (*People* v. *Pearson, supra,* 42 Cal.3d 351, 355-356; *People* v. *Marshall, supra,* 48 Cal.2d 394, 399.)

There are several practical reasons for not considering the evidence adduced at trial in determining whether one offense is necessarily included within another. Limiting consideration to the elements of the offenses and the language of the accusatory pleading informs a defendant, prior to trial, of what included offenses he or she must be prepared to defend against. If the foregoing determination were to be based upon the evidence adduced at trial, a defendant would not know for certain, until each party had rested its respective case, the full range of offenses of which the defendant might be convicted. Basing the determination of whether an offense is necessarily included within another offense solely upon the elements of the offenses and the language of the accusatory pleading promotes consistency in application of the rule precluding multiple convictions of necessarily included offenses, and eases the burden on both the trial courts and the reviewing courts in applying that rule. Basing this determination upon the evidence would require trial courts to consider whether the particular manner in which the charged offense allegedly was committed created a sua sponte duty to instruct that the defendant also may have committed some other offense. In order to determine whether the trial court proceeded correctly, a reviewing court, in turn, would be required to scour the record to determine which additional offenses are established by the evidence underlying the charged offenses, rather than to look simply to the elements of the offenses and the language of the accusatory pleading.

The dissent in *Rush* properly limited its inquiry to the elements of the two offenses, but erred in concluding that grand theft of an automobile is not a lesser included offense of robbery because robbery can be committed without taking an automobile. The error of the dissent in *Rush* is that it failed to consider that grand theft is simply one of the two degrees of the general crime of theft, and that the theft of an automobile is simply one of the many forms of theft that constitute grand theft.

■ Theft, in whatever form it happens to occur, is a necessarily included offense of robbery. As noted above, a long and unbroken line of authority from this court supports this conclusion. (See, *ante*, pp. 694-695 and fn. 3.) We reaffirm the well-established rule that a defendant may not be convicted of both robbery and grand theft based upon the same conduct. (*People* v. *Cole, supra*, 31 Cal.3d 568, 582; *People* v. *Marshall, supra*, 48 Cal.2d 394, 400.)

## V

In the present case, therefore, whether defendants properly were convicted of both robbery and theft depends upon whether those convictions were based upon the same conduct. As we shall explain, it appears that defendants' convictions for theft were based, at least in part, upon the same conduct underlying defendants' robbery convictions under count 3 of the amended information.

Count 3 alleges that defendants committed robbery by forcibly taking "personal property" from Rubio. Count 5, the theft count, alleges that defendants took "a certain automobile" from Rubio. During closing argument, the prosecutor told the jury that the robbery charged in count 3 was based upon the forcible theft of Rubio's wallet and pager. The Court of Appeal in this case concluded, however, that defendants' robbery convictions were based in part upon the taking of the van, because "[t]he record shows [defendants] took the victims' personal property, in addition to the van, by means of force or fear."

We agree with the Court of Appeal that the property taken in the robbery of Rubio, charged in count 3, included the van. ■ "When a defendant steals multiple items during the course of an indivisible transaction involving a single victim, he commits only one robbery or theft notwithstanding the number of items he steals." (*People* v. *Brito* (1991) 232 Cal.App.3d 316, 326, fn. 8 [283 Cal.Rptr. 441].) In *People* v. *Irvin, supra*, 230 Cal.App.3d 180, the defendant entered the victim's automobile by threatening her with a knife, demanded and received her money and purse, then ordered the victim to leave the automobile, and drove away in the vehicle. The Court of Appeal affirmed the defendant's conviction for robbery, but reversed his conviction for grand theft of an automobile, concluding that the robbery necessarily included the theft of the vehicle: "We find no authority for the proposition that a robber may be charged with and convicted of a separate robbery, or an additional offense of grand theft, because he or she took more than one item from a solitary victim during a single course of conduct." (*Id.* at p. 185; *People* v. *Gamble, supra*, 22 Cal.App.4th 446, 450; *People* v. *Rush, supra*, 16

Cal.App.4th 20, 25; cf. *People* v. *Green* (1996) 50 Cal.App.4th 1076, 1085 [58 Cal.Rptr.2d 259] [circumstances that carjacking was separated in time and location from a robbery involving the taking of a purse, during which interval the defendant sexually assaulted the victim, supported the trial court's "finding the taking of the purse and the taking of the vehicle were separate incidents"].) ██  In the present case, therefore, defendants may not be convicted of both the robbery of Rubio, as charged in count 3, and the theft of the van. Defendants' convictions for grand theft, as charged in count 5, must be reversed.[7] (*People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].)

## VI

██  Whether defendants may be convicted of both robbery and carjacking based upon the same conduct raises different questions.

In enacting the carjacking statute (§ 215), the Legislature made clear its intention to permit multiple convictions of carjacking and robbery based upon the same conduct. As the Court of Appeal observed in the present case, subdivision (c) of section 215 states: "This section shall not be construed to supersede or affect Section 211 [robbery]. A person may be charged with a violation of this section and Section 211. However, no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211." The Court of Appeal concluded that subdivision (c) specifically permits convicting a defendant of both carjacking and robbery based upon the same conduct. We agree.

Although subdivision (c) of section 215 does not explicitly address whether a defendant may be *convicted* of both carjacking and robbery based upon the same conduct (only that he or she may be *charged* with both offenses), it does state that no defendant may be *punished* for both carjacking and robbery based upon the same conduct. There would be no need for the Legislature to preclude multiple punishment for carjacking and robbery unless a defendant could be convicted of both carjacking and robbery based upon the same conduct. Subdivision (c) of section 215, therefore, constitutes an expression of legislative intent permitting multiple convictions of carjacking and robbery based upon the same conduct. (*People* v. *Green, supra,* 50 Cal.App.4th 1076, 1083-1084; *People* v. *Antoine* (1996) 48 Cal.App.4th 489, 498 [56 Cal.Rptr.2d 530]; *People* v. *Dominguez* (1995) 38 Cal.App.4th 410, 419 [45 Cal.Rptr.2d 153].)

---

[7] In light of our holding, we need not, and do not, decide whether defendant properly could be convicted of the robbery of Leyva, charged in count 4, and the theft of the van, as charged in count 5.

VII

The judgment of the Court of Appeal is affirmed.

Mosk, J., Kennard, J., Werdegar, J., and Brown, J., concurred.

**WERDEGAR, J., Concurring.**—I agree with the principal conclusions and reasoning of the majority opinion. I also agree, however, with part II of Justice Chin's concurring and dissenting opinion. Neither carjacking nor robbery is necessarily included in the other; defendant's conviction on both offenses was proper for that reason as well as for the reason given in part VI of the majority opinion.

With regard to the question of conviction of both robbery and grand theft for the same set of criminal acts, I agree ultimately with the majority, but think the dissenting view has considerable force as well. The underlying problem is that grand theft functions logically as a lesser included offense of robbery for some purposes, but not for others, creating anomalies in the results reached by both the majority and the dissent.

The determination that crime B is a lesser included offense of crime A has four major legal consequences:

(1) A defendant charged with crime A may be convicted, if the evidence warrants it, of crime B; that is, the trial court does not err in giving instructions and verdict forms on the lesser crime, B, even though that crime was not charged. (Pen. Code, § 1159.)

(2) The trial court has a sua sponte duty to give instructions and verdict forms on crime B, again if warranted by the evidence. (*People* v. *Birks* (1998) 19 Cal.4th 108, 118 [77 Cal.Rptr.2d 848, 960 P.2d 1073].)

(3) After a jury verdict or court finding of guilty on the charged crime, A, the trial court on a motion for new trial, or the appellate court on appeal, may reduce the conviction on crime A to one for crime B if the evidence does not support the verdict on A, but does show guilt of B. (Pen. Code, § 1181, subd. 6.)

(4) The defendant may not be convicted of both A and B; the lesser conviction is subject to vacation by the trial court or reversal on appeal.

(*People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].)

For purposes of consequences (1) and (2), the determination crime B is a lesser included offense of crime A amounts to an interpretation of the *charge*: a charge of crime A is deemed to include a charge of crime B, so that the court may (and, under California law, must) instruct on B if warranted by the state of the evidence. For this instructional purpose, the critical question is one of notice: a defendant can be convicted of an uncharged crime only if the charge gave fair notice of such a possible conviction. In contrast, for purposes of consequences (3) and (4), the determination crime B is a lesser included offense of crime A amounts to an interpretation of the *verdict or judgment of conviction*: a conviction of A is deemed to include a conviction of B, so that double conviction is superfluous and the former can be reduced to the latter. In interpreting the conviction, whether the initial charging instrument gave notice of the lesser crime seems unimportant.

As the majority explains, a charge of robbery gives adequate notice of a possible conviction for grand theft because every robbery necessarily charges a theft, and every charge of theft puts the defendant on notice that, depending on the proven value or character of the property taken, he or she may be convicted of first degree (grand) or second degree (petty) theft. (Maj. opn., *ante*, at p. 696.) Grand theft, therefore, functions as a lesser included offense of robbery for purposes of consequences (1) and (2) outlined above. But, as Justice Chin in his concurring and dissenting opinion observes, robbery does not seem to include grand theft for purposes of consequence (3): the trial or appellate court cannot generally reduce a robbery conviction to one for grand theft, even when the evidence supports it, because the jury will normally not have made any finding as to the value or nature of the stolen property. (Conc. and dis. opn. of Chin, J., *post*, at p. 697.) In sum, a robbery *conviction* does not seem to include a grand theft conviction, even though a robbery *charge* includes a grand theft charge.

Assuming that a lesser included offense relationship must either exist between two crimes for all purposes or not exist at all, either holding—that of the majority or that of Justice Chin—will create an anomaly somewhere. Holding, as we do, that grand theft is a lesser included offense of robbery, it will remain true that, unless special findings are made, a robbery verdict will not be reducible to grand theft. Were we, by contrast, to hold, as Justice Chin proposes, that grand theft is *not* a lesser included offense of robbery, no jury instructions or verdict forms on grand theft would be required (or, indeed,

permitted without both parties' consent) in a robbery prosecution, even though the defendant did have sufficient notice that such instructions and verdicts might be given, and even in a case where the evidence presented a legitimate jury question whether all the elements of robbery were proven, but strongly tended to show commission, at least, of grand theft. (See *People* v. *Birks*, *supra*, 19 Cal.4th at pp. 127-129, 136 [instructions on nonincluded lesser offenses may not be given over objection of either party].)

Of the two, the anomaly the majority holding creates seems likely to be, in practice, the less serious. Under our holding as I understand it, the prosecutor may charge both robbery and grand theft as separate counts in a case where the force or fear element of robbery is doubtful, but the value or character of the property taken, or the from-the-person character of the taking itself, tends to show commission of grand theft. The jury may convict on either or both. (Pen. Code, § 954.) If the jury convicts on both, but the trial court believes the evidence insufficient to show robbery, the court may then set aside the robbery verdict and render judgment on grand theft pursuant to Penal Code section 1181, subdivision 6. In this manner, the jury is given the correct range of choices, while the prosecutor preserves a felony conviction even if the robbery charge fails before the jury or court. Of course, if the jury convicts on both charges, and the greater is supported by the evidence, the court should set aside the lesser (grand theft) conviction. Under this holding, neither the prosecutor nor the defense may force the jury to choose between robbery and petty theft in a doubtful robbery case; the court, rather, will properly give grand theft instructions where the evidence supports them, whatever the parties' strategic wishes. (See *People* v. *Barton* (1995) 12 Cal.4th 186, 204 [47 Cal.Rptr.2d 569, 906 P.2d 531].) Under the contrary holding proposed by Justice Chin, in contrast, there would seem no way for the court to put before the jury the full range of choices justified by the evidence without the prosecutor's and the defendant's joint agreement.

Consequently, although recognizing that neither position in this case has a monopoly on logic, I join the majority in holding grand theft is a lesser included offense of robbery.

**CHIN, J.,** Concurring and Dissenting.—I concur that defendants may be convicted of both carjacking and robbery or grand theft. Neither grand theft nor robbery is a necessarily included offense of carjacking. Nor is carjacking necessarily included in grand theft or robbery.

I dissent from the majority's conclusion that defendants were improperly convicted of both grand theft and robbery. The majority is correct that theft

is necessarily included in robbery. A person may not commit robbery without committing theft. But the defendants were not convicted of simple theft. They were convicted of *grand* theft, specifically, theft of a vehicle. A person can easily commit robbery without committing *grand* theft. Accordingly, under settled legal principles, defendants were properly convicted of both grand theft and robbery even if they may not be punished for both.

## I. Conviction of Robbery and Grand Theft

### A. *General Legal Principles*

The majority correctly states most of the applicable legal principles, which have been settled for decades and are grounded largely in California's Penal Code.[1]

A person may be convicted of, even if not punished for, more than one crime arising out of the same act or course of conduct. "Section 954 sets forth the general rule that defendants may be charged with and convicted of multiple offenses based on a single act or an indivisible course of conduct. It provides in relevant part: 'An accusatory pleading may charge two or more different offenses connected together in their commission, or *different statements of the same offense* . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, . . .' (Italics added.)" (*People* v. *Pearson* (1986) 42 Cal.3d 351, 354 [228 Cal.Rptr. 509, 721 P.2d 595].) Section 954, which permits multiple *conviction*, meshes neatly with section 654, which prohibits multiple *punishment* for the same "act or omission." When multiple conviction is permitted under section 954, but multiple punishment is prohibited under section 654, the court, as in this case, simply stays execution of the sentence for the excess convictions. (See *People* v. *Pearson, supra*, 42 Cal.3d at pp. 359-360.)

An exception to the general rule permitting multiple conviction is at issue here. "Although the reason for the rule is unclear, this court has long held that multiple convictions may *not* be based on necessarily included offenses." (*People* v. *Pearson, supra*, 42 Cal.3d at p. 355, original italics.) " 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " (*Ibid.*) We have reiterated this definition, sometimes using different but equivalent language, continually for over half a century, as recently as our decision in *People* v.

---

[1]All statutory citations are to the Penal Code unless otherwise indicated.

*Lopez* (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713] (using the term "lesser included offense" rather than the equivalent "necessarily included offense"). "This definition may be traced to *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512], and *People* v. *Krupa* (1944) 64 Cal.App.2d 592, 598 [149 P.2d 416]." (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 369 [173 Cal.Rptr. 453, 627 P.2d 183].)

This test for included offenses applies to the statutory elements of the crimes or to the specific allegations of the accusatory pleading if different from the statutory language. "Under the accusatory pleading test, a lesser offense is included within the greater charged offense ' "if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." [Citation.]' " (*People* v. *Lopez, supra,* 19 Cal.4th at pp. 288-289; see *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].)

We have never clearly stated the reason for the rule prohibiting conviction of both a greater offense and a necessarily included offense. However, the rule is logical. If a defendant cannot commit the greater offense without committing the lesser, conviction of the greater is *also* conviction of the lesser. To permit conviction of both the greater and the lesser offense " ' "would be to convict twice of the lesser." ' " (*People* v. *Fields* (1996) 13 Cal.4th 289, 306 [52 Cal.Rptr.2d 282, 914 P.2d 832].) There is no reason to permit two convictions for the lesser offense.

### B. *Application to This Case*

We should have no difficulty applying these principles to this case. Multiple conviction of robbery and grand theft is prohibited only if either offense is necessarily included in the other, i.e., if it is impossible to commit one without committing the other. Robbery requires a taking of property "by means of force or fear." (§ 211.) Theft, whether grand or petty, need not involve force or fear. (§§ 484, 487.) Therefore, a defendant can commit theft without committing robbery, and robbery is not a necessarily included offense of theft.

I agree that simple theft is a necessarily included offense of robbery. (*People* v. *Bradford* (1997) 14 Cal.4th 1005, 1055 [60 Cal.Rptr.2d 225, 929 P.2d 544].) A defendant cannot commit robbery without committing theft. Robbery requires a taking of personal property. (§ 211.)

A defendant may, however, commit robbery without committing *grand* theft. There are many types of grand theft. The most common are theft of

specified kinds of property, of property worth over $400, or from the person. (§ 487.) The sections of the Penal Code that define grand theft include elements that, other than the taking of property with intent to deprive, are not elements of robbery. Robbery may be of *any* personal property and may be from the person *or immediate presence.* (§ 211.) "Although 'personal property' must have 'some intrinsic value' [citation], it need not be of any particular kind or worth. [Citation.] A pack of cigarettes [citation], an empty wallet, even if immediately discarded [citation] or returned [citation], a one-dollar bill [citation], and even an empty ripped-off pants pocket [citation] all constitute 'personal property.' " *(People* v. *Rush* (1993) 16 Cal.App.4th 20, 35 [20 Cal.Rptr.2d 15] (dis. opn. of Woods (Fred), J.).) Courts have long recognized the difference between the narrow from-the-person requirement for theft and the broader from-the-person-or-immediate-presence requirement for robbery. *(People* v. *McElroy* (1897) 116 Cal. 583, 586-587 [48 P. 718] [reversing a grand theft conviction because the taking was from the immediate presence but not person; contrasting the robbery requirement]; *People* v. *Williams* (1992) 9 Cal.App.4th 1465, 1471-1472 [12 Cal.Rptr.2d 243] [same]; *In re George B.* (1991) 228 Cal.App.3d 1088, 1091-1092 [279 Cal.Rptr. 388].)

To commit robbery but not grand theft, a defendant merely has to take, by force or fear, from the victim's immediate presence but not person, property not of a specified type and worth less than $400. As one court summarized, "while petty theft is a necessarily included offense in robbery, grand theft is not necessarily included for the reason that robbery can be committed without necessarily committing grand theft." *(People* v. *Goins* (1981) 118 Cal.App.3d 923, 926 [173 Cal.Rptr. 655].) If a defendant commits a robbery that includes the *additional* elements of grand theft, the prosecution should not have to choose between robbery and grand theft, and the jury should be allowed to convict the defendant of both crimes. Conviction of both crimes is exactly what section 954 expressly permits.

### C. *The Majority's Reasons*

The majority recognizes that, except for necessarily included offenses, multiple conviction is permitted even if multiple punishment is not. (Maj. opn., *ante,* at p. 692.) It states, and purports to apply, the settled definition of a necessarily included offense. *(Ibid.)* It also appears not to dispute that one *may* commit robbery without committing grand theft.

Nevertheless, the majority concludes that grand theft is a necessarily included offense of robbery. It claims a "long, unbroken line of authority," beginning in 1878, holds that grand, as well as petty, theft is necessarily

included in robbery. (Maj. opn., *ante*, at p. 694.) As I show, this authority either supports my position or is inconclusive. The issue of this case is far from "well settled." (*Ibid.*)

The first case the majority cites, *People* v. *Jones* (1878) 53 Cal. 58, is not a grand theft case at all. It merely involves "larceny" (or, in modern parlance, theft). (*Id.* at p. 59.) I fully agree that theft is necessarily included in robbery. That is not the issue here. The issue is whether *grand* theft is necessarily included in robbery.

In *People* v. *Nelson* (1880) 56 Cal. 77, the information charged the defendants with robbery of property "from" the victim. (*Id.* at p. 78.) They were found guilty of grand larceny. We affirmed, noting that when, as the information alleged, "the property is taken from the person of another, the offense is grand larceny . . . ." (*Id.* at p. 80.) Similarly, in *People* v. *Church* (1897) 116 Cal. 300, 301 [48 P. 125], the defendant was charged with robbery "from the person." We said, "Force or fear are the essential elements that differentiate [robbery and grand larceny], when the property is taken from the person, *as is charged in the present instance.*" (*Id.* at p. 304, italics added.) These two cases merely indicate that grand larceny was an included offense under the specific accusatory pleadings. They do not suggest grand theft is always necessarily included in robbery.

In *People* v. *Covington* (1934) 1 Cal.2d 316, 318 [34 P.2d 1019], the defendants were charged with robbery "from" the victim. We concluded that "proof of essential elements of robbery is lacking, but that the appellants are, under the evidence, guilty of *petty* theft." (*Id.* at p. 317, italics added.) The property taken included a diamond ring. The defendants had requested the trial court to instruct the jury on petty and grand theft. We said the court should have given the instruction. (*Id.* at p. 320.) The opinion does not explain why the defendants requested an instruction on grand as well as petty theft, but a simple statement that the court should have acquiesced in that request certainly does not suggest grand theft is a lesser included offense of robbery.

*People* v. *Marshall*, *supra*, 48 Cal.2d 394, supports my position, not the majority's. In *Marshall*, the information charged the defendant with robbery of specified property, including "an automobile." (*Id.* at p. 396.) He was convicted of taking a vehicle. (Veh. Code, former § 503, now § 10851.) We affirmed, holding that the taking a vehicle charge was necessarily included in the robbery charge *under the specific language of the accusatory pleading.* "The offense of robbery as defined by section 211 of the Penal Code does not include all the elements of violation of [former] section 503 of the

Vehicle Code. The property taken in robbery may be any kind of personal property, whereas only the taking of 'a vehicle' is denounced by [former] section 503 of the Vehicle Code. A person charged simply with robbery 'in the words of the statute describing the offense' would not be charged with and could not be properly convicted of the offense defined by [former] section 503 because the accusatory pleading would not inform the defendant that he must be prepared, at the trial, to contravene evidence that he took a particular kind of personal property, a vehicle. [Citation.] [¶] *Although the statutory definition of robbery does not necessarily include the offense denounced by* [former] *section 503 of the Vehicle Code, the particular robbery specifically pleaded in the information here includes all the elements of a violation of* [former] *section 503.* It is particularly alleged that the property taken was 'an automobile.' The allegations of the information that the automobile was taken by robbery necessarily import the elements of theft, including the taking of the personal property of one other than defendant, with intent to steal [citations]." (*People* v. *Marshall, supra,* 48 Cal.2d at pp. 399-400, italics added, fns. omitted.) ·

This language from *Marshall* makes clear that, but for the specific accusatory language of that case, theft of a vehicle would *not* be necessarily included in robbery for the simple reason that robbery may be of any property, while theft of a vehicle must be of a vehicle. The taking charge was necessarily included in the robbery charge only because of the accusatory language. *Marshall* would aid the majority if the information of this case, like the information in *Marshall,* charged defendants with robbery of "an automobile." It did not. It charged defendants, in the language of section 211, with robbery of "personal property." The majority does not claim otherwise.

*People* v. *Cole* (1982) 31 Cal.3d 568 [183 Cal.Rptr. 350, 645 P.2d 1182] arguably does support the majority. Its entire relevant discussion follows: "Finally, appellant argues, and the Attorney General concedes, that the grand theft conviction must be reversed because it is a lesser necessarily included offense of the crime of robbery. (*People* v. *Miller* (1974) 43 Cal.App.3d 77, 81 [117 Cal.Rptr. 491].)" (*Id.* at p. 582.) The case of *People* v. *Miller* (1974) 43 Cal.App.3d 77, 81 [117 Cal.Rptr. 491], cited in *Cole,* involved only theft, not *grand* theft. Our opinion in *Cole* does not state the language of the accusatory pleading, so we cannot tell whether the Attorney General's concession was correct under *People* v. *Marshall, supra,* 48 Cal.2d 394. But our summary acceptance of the concession is hardly a reasoned application of the test for necessarily included offenses.

The most recent case from this court, *People* v. *Webster* (1991) 54 Cal.3d 411 [285 Cal.Rptr. 31, 814 P.2d 1273], does not involve this issue. In

*Webster*, we stated, correctly, "Theft is a lesser included offense of robbery . . . ." (*Id.* at p. 443.) In rejecting the defendant's argument that the court erred in not instructing on theft, we also noted the trial court instructed on what it considered to be the lesser included offenses of grand and petty theft. (*Ibid.*) Whether grand theft actually was an included offense of the robbery charge under the accusatory pleading or otherwise was not at issue, and we did not decide the question.

We thus see that, of the cases from this court the majority cites, one (*Jones*) does not involve grand theft at all, one (*Marshall*) supports my position, two (*Nelson* and *Church*) involve specific pleading allegations that made grand theft included in the robbery as charged, one (*Covington*) involves a defense-requested instruction, one (*Cole*) contains an unexamined acquiescence in a concession that may or may not have been correct, and one (*Webster*) merely described the trial court's actual instructions. Except for a recent trio of cases, the Court of Appeal decisions the majority cites contain no relevant analysis. Three recent decisions, two from the same court, held, over strong dissents, that grand theft is a necessarily included offense of robbery. (*People* v. *Gamble* (1994) 22 Cal.App.4th 446, 450-452 [27 Cal.Rptr.2d 451]; cf. *id.* at pp. 455-456 (dis. opn. of Woods (Fred), J.); *People* v. *Rush, supra,* 16 Cal.App.4th at pp. 23-27; cf. *id.* at pp. 27-38 (dis. opn. of Woods (Fred), J.); *People* v. *Irvin* (1991) 230 Cal.App.3d 180, 184-186 [281 Cal.Rptr. 195]; cf. *id.* at pp. 193-196 (dis. opn. of Turner, P. J.).) The court attempted to provide a rationale in these cases.

Even the majority is forced to admit that the rationale offered in those cases—essentially, that one looks to the facts of each case rather than the statutory elements or charging document to determine whether a lesser crime was included in the greater—is erroneous. As the majority explains (maj. opn., *ante,* at pp. 697-698), a fact-based test is incompatible with California's definition of necessarily included offenses and a defendant's right to notice of the charges. "Limiting consideration to the elements of the offenses and the language of the accusatory pleading informs a defendant, prior to trial, of what included offenses he or she must be prepared to defend against." (*Id.* at p. 698.)[2] As we explained in *People* v. *Lohbauer, supra,* 29 Cal.3d at page 368, " ' "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable

---

[2]Because the majority correctly rejects a fact-based test for included offenses, its quotation from *People* v. *Marshall, supra,* 48 Cal.2d at page 400, makes no sense. (Maj. opn., *ante,* at p. 695 [" '[T]he theft of an automobile . . . is included in the offense of robbery by the taking of an automobile . . . .' "].) Given the right facts, one could say the same about almost any pair of crimes. One could say, for example, that insurance fraud is included in murder by means of insurance fraud. (Cf. the facts of *People* v. *Superior Court (Shamis)* (1997) 58 Cal.App.4th 833 [68 Cal.Rptr.2d 388].) But grand theft is no more included in robbery than

opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." [Citation.]' (*People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)" Only when an uncharged lesser offense is necessarily included in a charged offense does the defendant receive this required notice. (*Id.* at pp. 368-369.)

The majority also invokes a leading treatise on criminal law that states, "a single taking of property will obviously not support a conviction of larceny as a separate offense in addition to the conviction of robbery." (Perkins, Criminal Law (3d ed. 1982) p. 350.) I agree. Theft is a necessarily included offense of robbery. However, the issue here involves *grand* theft. The majority relies on a footnote in Perkins citing an intermediate appellate decision in Florida indicating the grand larceny charge of that case was a lesser included offense of robbery. (*Id.* at p. 350, fn. 47, citing *McClendon* v. *State* (Fla.Dist.Ct.App. 1979) 372 So.2d 1161, 1162.) The Florida opinion does not specify the exact charging allegation or the elements of the crimes under Florida law. But neither the facts of that case nor Florida law has any bearing on the correct application of California law.[3]

Recognizing that the rationale of the recent appellate decisions supporting its conclusion is erroneous, the majority attempts a new rationale. The attempt fails. The majority says that theft is theft, and if any form or degree of theft is necessarily included in robbery, all forms and degrees are. "Because theft is a necessarily included offense of robbery," the majority insists, "it follows that both degrees of theft, grand and petty, are necessarily included offenses of robbery." (Maj. opn., *ante*, at p. 697.) However, it does not "follow" at all. I see no logical connection between the majority's discussion of degrees of crime, or its history lesson on grand and petty larceny (*id.* at pp. 693-694), and California's test for necessarily included offenses. The inescapable circumstance remains that a defendant can commit robbery without committing grand theft. A charge of robbery necessarily includes theft, but not grand theft.

D.  *Anomalies of the Majority Holding*

A finding that one offense is necessarily included in another has several ramifications. The whole structure of the law of included offenses functions

---

insurance fraud is included in murder unless, as in *Marshall* (*and unlike this case*), the charging document makes it so.

    [3]Ironically, the paragraph in the Perkins text the majority cites also states, "The act of violence relied upon for conviction of robbery will not support a separate conviction of assault, or assault with a deadly weapon." (Perkins, Criminal Law, *supra*, at p. 350.) This court has emphatically, and unanimously, rejected the argument that assault is necessarily included in robbery or that assault with a deadly weapon is necessarily included in robbery with a firearm use allegation. (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 99-102 [192 Cal.Rptr. 748, 665 P.2d 520]; see also *id.* at pp. 112-113 (conc. and dis. opn. of Bird, C. J.).)

smoothly if the lesser offense is truly included in the greater. It does not work if the lesser offense is necessarily included only by judicial decree, which is now the case with robbery and grand theft.

By statute, the charging allegation must "give the accused notice of the offense of which he is accused." (§ 952.) Also by statute, a person may be convicted of a charged offense or any other offense that is "necessarily included" in a charged offense. (§ 1159.) These statutory provisions, and the defendant's due process right to notice of the charges (*People* v. *Lohbauer, supra*, 29 Cal.3d at pp. 368-369), may be reconciled if, but only if, the lesser offense is truly included in the greater, i.e., if charging the greater charges all the elements of the lesser. By finding that grand theft is included in robbery, the majority has decreed that a person charged with robbery may be convicted instead of grand theft, not merely theft. Charging robbery puts a person on notice of the need to defend against theft. It does not, however, inform a person that the nature or amount of the property taken, or whether it is taken from the person rather than immediate presence, is at issue. It does not place a person on notice of grand theft.

If the evidence warrants, a court has a sua sponte duty to instruct on a necessarily included offense. (*People* v. *Breverman* (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) If doubt exists that a defendant used force or fear in committing a robbery, but the evidence would support a conviction of theft, the court might have to instruct on that necessarily included offense. But now the majority has decreed that grand theft is also necessarily included in robbery; the trial court now apparently has a sua sponte duty also to instruct on grand theft if the evidence warrants. This might surprise a defendant who was defending solely against the robbery charge and did not litigate the nature or value of the property taken. Defense attorneys will have to take note. Now a robbery charge also charges grand theft.[4]

By statute, when the verdict "is contrary to law or evidence," the trial court may reduce the conviction to a lesser included offense. (§ 1181, subd. 6.) Similarly, an appellate court may reduce a conviction to a necessarily included offense. (*Ibid.*; see also § 1260; *People* v. *Kelly* (1992) 1 Cal.4th 495, 528 [3 Cal.Rptr.2d 677, 822 P.2d 385].) These rules are logical, and they comport with a person's right to a jury trial, only if the lesser offense is

---

[4]My application of the rules of included offenses would create no "anomaly." (Conc. opn. of Werdegar, J., *ante*, at p. 703.) If the evidence warrants in a robbery case, the court would instruct the jury on the included offense of theft. The jury would not be forced to an all-or-nothing choice. The court would not *also* instruct on the related but not included offense of grand theft unless the prosecution charged it separately. This result is no more anomalous than that in *People* v. *Birks* (1998) 19 Cal.4th 108 [77 Cal.Rptr.2d 848, 960 P.2d 1073], where we held the court may refuse to instruct on the related but not included offense of trespass in addition to the charged offense of burglary.

truly included in the greater, i.e., if the jury verdict of guilt of the greater offense also necessarily finds guilt of all the elements of the lesser offense. Now the majority has decreed that a jury may not convict of both robbery and grand theft because grand theft is necessarily included in robbery. Accordingly, sections 1181, subdivision 6, and 1260 would seem to allow a trial or appellate court to reduce a robbery conviction to grand theft. But a jury finding of robbery does not necessarily find all the elements of grand theft. If, on the other hand, the majority should find it improper to reduce robbery to grand theft (because grand theft is not *really* included in robbery), that would mean a court could only reduce robbery to simple theft, even if the jury would have found the defendant guilty of grand theft if given the option.

The majority argues that a charge of a crime divided into degrees need not specify the degree. (Maj. opn., *ante*, at p. 696.) However, to *convict* the defendant of the greater degree, the verdict must specify that degree. (§ 1157.) "Upon the failure of the jury or the court to [determine the degree], the degree of the crime . . . of which the defendant is guilty, shall be deemed to be of the lesser degree." (*Ibid.*) The majority has now decreed that a jury convicting the defendant of robbery may not also convict of grand theft. The majority thus *precludes* the jury from determining the degree of theft if it convicts of robbery. That being the case, I find it hard to see how section 1157 would permit a robbery conviction to be reduced to grand theft despite sections 1181, subdivision 6, and 1260. But this logic would mean that the court would prohibit the jury from determining the degree of theft and then conclude that, because the jury failed to make that determination, the theft was petty, not grand. Thus, a grand theft conviction would be forever lost, even though the jury believed the defendant guilty of that crime.

If the evidence supports a finding that the defendant has committed both robbery and grand theft, but triable issues exist regarding the use of force or fear (i.e., whether the defendant is guilty of robbery) and regarding the amount or nature of the property stolen or whether it was taken from the person (i.e., whether the defendant is guilty of grand theft), the jury should be able to return a verdict of guilty of robbery, or of grand theft, or of both, or of neither. The majority precludes these choices. If the jury finds the defendant guilty of robbery, the majority prohibits it from additionally choosing between petty and grand theft. I see no reason or statutory basis for this prohibition.[5]

The conclusion that grand theft is necessarily included in robbery despite the fact robbery can be committed without committing grand theft creates

---

[5]Justice Werdegar interprets the majority opinion as permitting a properly instructed jury to convict of both robbery and grand theft, with the grand theft conviction to be "set aside." (Conc. opn. of Werdegar, J., *ante*, at p. 703.) I am not sure where that conviction would go when it is set aside—perhaps in limbo somewhere to be resurrected if the robbery conviction

too many anomalies and is inconsistent with too many statutory provisions (§§ 952, 954, 1157, 1159, 1181, subd. 6, 1260) for me to agree.

## II.  CONVICTION OF ROBBERY AND CARJACKING

As noted, I agree with the majority that defendants were properly convicted of both robbery and carjacking. (Maj. opn., *ante*, at p. 700.) The specific language of section 215, subdivision (c), that the majority invokes supports this conclusion, but it is not the sole reason for it. The result would be the same even without that language.

Neither carjacking nor robbery is necessarily included in the other. It is possible to commit robbery without committing carjacking because robbery can be of any property, but carjacking requires the taking of a "motor vehicle." (§ 215, subd. (a).) Robbery of a wallet, for example, is not carjacking. It is possible to commit carjacking without committing robbery for the same reason it is possible to commit carjacking without committing theft. (See maj. opn., *ante*, at. p. 693.) Robbery, like theft, requires the intent to deprive the owner of the property permanently. (2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 645, p. 726.) Carjacking requires only the intent to take a vehicle "either permanently or temporarily." (§ 215, subd. (a).) One may commit carjacking without committing robbery by taking a motor vehicle temporarily. Accordingly, conviction of both robbery and carjacking is proper. (*People* v. *Green* (1996) 50 Cal.App.4th 1076, 1083-1084 [58 Cal.Rptr.2d 259]; *People* v. *Antoine* (1996) 48 Cal.App.4th 489, 498 [56 Cal.Rptr.2d 530]; *People* v. *Dominguez* (1995) 38 Cal.App.4th 410, 419 [45 Cal.Rptr.2d 153].)

Baxter, J., concurred.

---

is later also set aside. While such a procedure seems awkward, to say the least, it would be preferable to allowing no grand theft conviction at all. Future courts will have to decide whether Justice Werdegar is correct.