Filed 10/1/14  In re S.M. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | B252284 (Los Angeles County Super. Ct. No. GJ28606) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.M.,<br><br>Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robin Miller Sloan, Judge.  Affirmed with directions.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On November 25, 2012, appellant S.M. and five other girls entered a Nordstrom Rack store in West Covina carrying large, empty handbags. Nordstrom Rack loss prevention employee Steven Douros watched them enter on the store's closed-circuit television and instructed employee Steven Gibson to station himself at the store entrance. Douros witnessed appellant and two of her companions enter the Nordstrom shoe department on the second floor, take pairs of shoes, and conceal them in their handbags. Appellant and her companions then met the other members of the group and exited the store without paying for the items. Gibson followed them.

Outside, Douros and Gibson confronted appellant and her companions and identified themselves as loss prevention officers. When Gibson attempted to detain appellant, she flailed and pushed him, but he tackled her and took the bag she was holding. Appellant's companions also resisted by swinging their bags to hit Gibson. When Douros attempted to help Gibson restrain appellant, she bit, kicked, and punched him. Douros and Gibson ultimately handcuffed appellant, took her to the loss prevention office, and called the police.

Appellant was found to be described under section 602 of the Welfare and Institutions Code in that she had committed second degree robbery (Pen. Code, § 211), misdemeanor petty theft (Pen. Code, § 484, subd. (a)), and misdemeanor battery (Pen. Code, § 242). She was assessed $120 in court fees and ordered to complete 10 days of Juvenile Alternative Work Service. She timely appealed.

Appellant contends the court's finding as to petty theft must be reversed because petty theft is a lesser included offense of robbery. Respondent concedes the point and we agree.

Appellant was found to have committed both second degree robbery and petty theft. Petty theft is a lesser included offense of robbery. (*People v. Ortega* (1998) 19 Cal.4th 686, 694.) "[M]ultiple convictions may *not* be based on necessarily included offenses." (*People v. Pearson* (1986) 42 Cal.3d 351, 355, citations omitted.) Thus, appellant cannot be found to have committed both felony robbery and petty theft arising from the same act.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to reverse its true finding as to count two, petty theft.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:


JOHNSON, J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.