Filed 9/27/13  P. v. Bernstein CA5

<u>NOT TO BE PUBLISHED IN OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064788 |
| v. | (Super. Ct. No. BF138398A) |
| MICHAEL DAVID BERNSTEIN, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Kane, J., and Poochigian, J.

A jury convicted appellant, Michael David Bernstein, of carjacking (Pen. Code, § 215, subd. (a);[1] count 1), robbery (§ 212.5, subd. (c); count 2), and taking or driving a vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a); count 3). In a bifurcated proceeding, the trial court found true allegations Bernstein served two prior prison terms within the meaning of section 667.5, subdivision (b).

The trial court sentenced Bernstein to state prison for an aggregate 11-year term: the upper term of nine years on count 1 and two consecutive one-year terms for the prior prison term enhancements. The trial court stayed the sentence on counts 2 and 3 pursuant to section 654.

Bernstein appeals, contending the trial court erred by: (1) failing to instruct the jury on the offense of grand theft; and (2) refusing his request to personally address the court during sentencing. We affirm.

**FACTS**

On September 7, 2011, Sharon Duffin stopped for gas in Bakersfield. She pulled up to a gas pump at the back of the station but discovered that it was not working. She drove to the front of the station and pulled alongside another gas pump. As she proceeded to the second pump, Bernstein approached from the side of the parking lot and told her that her gas cap was off.

Duffin exited her car at the second gas pump, leaving her keys in the ignition and her purse in plain view on the seat. Her purse contained two wallets, cell phones, and other personal property. One of the wallets contained four $20 bills, one $10 bill, two $5 bills and six $1 bills. The other wallet contained family pictures and grocery store discount cards.

Duffin swiped her gas card at the fuel pump. As she was entering her zip code into the credit card reader, she felt someone move behind her and heard him say, "I

---

[1] All statutory references are to the Penal Code unless otherwise specified.

thought you were going to drive away with your gas cap off." From the corner of her eye, Duffin saw Bernstein's leg enter her car and the car door shut. She turned, grabbed the car door and reached into the car and through the steering wheel in an attempt to press the panic button on her key ring. As she reached into the car, she looked at Bernstein and told him to get away from her car. He told her to "[p]lease step away." She felt a nudge and the car started to slowly roll forward. She stepped away, ran into the mini-mart and asked someone to call 911.

Deputy Sheriff Joshua Brooks interviewed Duffin at the gas station. Meanwhile, Deputy Sheriff Charles Leask located Duffin's car parked at a 7-Eleven store and saw Bernstein exit a restaurant across the street. Leask searched Bernstein and found cash in the denominations Duffin reported stolen minus three $1 bills. He also found her wallets in the bathroom inside a laundry bin.

Duffin testified that she was frightened when she reached into her car for her keys. When she saw the look in Bernstein's eyes, she knew she needed to step away from the car. After he drove away, she yelled, "Oh, God. Somebody please help me." She ran into the mini-mart and said, "Someone please call 911. My car's been stolen." She later noticed that her right forearm was red and bruised where it had been inside the steering wheel. Her injured forearm was photographed.

Brooks testified that Duffin was "visibly shaken, upset" when he interviewed her at the gas station.

Bernstein did not testify. His attorney argued the evidence did not support convictions for carjacking and robbery because the prosecution failed to prove beyond a reasonable doubt that Bernstein used force or fear to take Duffin's vehicle.

The trial court instructed the jurors, as relevant here, on carjacking and robbery with respect to Duffin's wallet and the contents of her purse. After releasing the jury to deliberate, the trial court stated it did not give or refuse any instruction over the objection

3

of counsel. The court further stated the evidence did not support instructing on lesser included offenses.

The jury convicted Bernstein of carjacking and robbery. At sentencing, the trial court announced a tentative sentence and Bernstein's attorney argued for mitigation and leniency. At the conclusion of her argument, trial counsel informed the court Bernstein wanted to address the court and apologize to Duffin. The court declined, stating it read Bernstein's statement and had taken his apology into account and proceeded to sentencing.

## ARGUMENTS

### I.  Not Instructing the Jury on Grand Theft.

Bernstein contends the trial court prejudicially erred by not instructing the jury on grand theft as a lesser included offense of carjacking and robbery. He claims the jurors could have found he did not use force or fear to take Duffin's vehicle but rather used only that force necessary to seize her vehicle. We disagree.

> "'In criminal cases, even absent a request, the trial court must instruct on general principles of law relevant to the issues raised by the evidence. [Citation.] This obligation includes giving instructions on lesser included offenses when the evidence raises a question whether all the elements of the charged offense were present, but not when there is no evidence the offense was less than that charged. [Citation.] The trial court must so instruct even when, as a matter of trial tactics, a defendant not only fails to request the instruction, but expressly objects to its being given.' [Citations.]" (*People v. Moye* (2009) 47 Cal.4th 537, 548.)

#### A.  Force or Fear

The crimes of carjacking[2] and robbery[3] both include an element of "force or fear." Bernstein contends the amount of force necessary to constitute carjacking and robbery

---

[2]      "'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle

4

must exceed the force "'necessary to accomplish the mere seizing of the property.'" (*People v. Anderson* (2011) 51 Cal.4th 989, 995.) He claims there is insufficient evidence he exerted anything more than the amount of force necessary to seize Duffin's vehicle. Therefore, the evidence supported the trial court instructing on the lesser offense of grand theft. Bernstein does not challenge the sufficiency of the evidence that he took Duffin's vehicle by means of fear.

> "In resolving sufficiency of the evidence claims, 'an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Gomez* (2008) 43 Cal.4th 249, 265.)

Here, there is adequate circumstantial evidence Bernstein took Duffin's vehicle by force. He used the forward motion of the car to exert enough pressure on Duffin's arm to cause her to withdraw it or suffer serious injury. In addition, Duffin suffered bruising on the arm she extended into the vehicle. Such evidence shows Bernstein used force in excess of that required to merely seize Duffin's vehicle.

The evidence also shows that Bernstein used fear to take Duffin's vehicle. Duffin testified that she was frightened during the ordeal. In fact, it was fear that caused her to back away from her car when she realized that Bernstein intended to drive off whether she removed her arm or not. Thus, Bernstein used both force and fear of injury to take Duffin's vehicle.

---

of his or her possession, *accomplished by means of force or fear*." (§ 215, subd. (a), italics added.)

**3** "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, *accomplished by means of force or fear*." (§ 211, italics added.)

### B. Carjacking

Theft is not a lesser included offense of carjacking.  (*People v. Ortega* (1998) 19 Cal.4th 686, 693 (*Ortega*), disapproved on a different point in *People v. Reed* (2006) 38 Cal.4th 1224, 1228.)  Theft involves the felonious taking, carrying, or driving away of the personal property of another.  (§ 484, subd. (a).)  "Theft is divided into two degrees, the first of which is termed grand theft; the second, petty theft."  (§ 486.)  Grand theft includes the theft of an automobile.  (§ 487, subd. (d)(1).)

Carjacking, in contrast, involves the felonious taking of a vehicle in the possession of another or from his person or immediate presence, against his will and with the intent to permanently or temporarily deprive the victim of possession of his or her car, accomplished by force or fear.  (§ 215, subd. (a).)

Thus, in *Ortega*, the California Supreme Court held that grand theft is not a lesser included offense of carjacking, stating:

> "Carjacking requires two elements that are not required for theft: that the vehicle be taken from the possession or immediate presence of another, and that the taking be 'accomplished by means of force or fear.' … Theft requires an element—the specific intent to *permanently* deprive a person of property—that is not required for carjacking. [Citations.] Accordingly, neither carjacking nor theft is a necessarily included offense of the other, because it is possible to commit either offense without committing the other.  [Citation.]" (*Ortega*, *supra*, 19 Cal.4th at p. 693.)

### C. Robbery

Theft can be a lesser included offense of robbery if the evidence does not support the elements of force or fear.  (*People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1411.)  However, in this case, as discussed above, the evidence demonstrated that Bernstein took Duffin's vehicle by means of force and fear.  Consequently, there is no substantial evidence that Bernstein committed the act of grand theft and the trial court did not err in not instructing the jury on that offense.

6

**II.  Not Allowing Bernstein to Make a Personal Statement of Apology at the Time of Sentencing.**

Bernstein contends the trial court violated his due process and statutory right under section 1204 by refusing to let him address the court during sentencing. We reject his contentions in light of the California Supreme Court's decision in *People v. Evans* (2008) 44 Cal.4th 590 (*Evans*).

The *Evans* court addressed section 1204 and the parameters of the right it confers on a defendant. Section 1204 provides as relevant:

> "The circumstances [in aggravation or mitigation of punishment] shall be presented by the testimony of witnesses examined in open court.… No affidavit or testimony, or representation of any kind, verbal or written, can be offered to or received by the court … in aggravation or mitigation of the punishment, except as provided in this … section."

The *Evans* court held that a defendant has "the right to make a personal statement in mitigation of punishment but only while under oath and subject to cross-examination by the prosecutor." (*Evans*, *supra*, 44 Cal.4th at pp. 592-593.) The court stated:

> "By stating in section 1204 that mitigating evidence must be presented through 'the testimony of witnesses examined in open court' rather than verbal representations, the Legislature has declared that a criminal defendant wishing to make an oral statement to the court in mitigation of punishment must do so through testimony given under oath." (*Evans*, *supra*, 44 Cal.4th at p. 598.)

In this case, contrary to Bernstein's assertions, there is no evidence on this record that he intended to testify. His trial counsel did not attempt to call him to testify and Bernstein did not ask to do so. Consequently, the trial court did not violate his right to make a personal statement under section 1204.

Further, the *Evans* court held that section 1204 protects a defendant's due process right at sentencing. The court stated:

> "'The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."'  [Citation.]

California law, through section 1204, gives a criminal defendant the right at sentencing to make a *sworn* personal statement in mitigation that is *subject to cross-examination* by the prosecution.  This affords the defendant a meaningful opportunity to be heard and thus does not violate any of the defendant's rights under the federal Constitution." (*Evans*, *supra*, 44 Cal.4th at p. 600.)

We reject Bernstein's arguments and conclude he was not denied his right to address the trial court either under federal constitutional principles or California statutory law.

We find no error.

## DISPOSITION

The judgment is affirmed.